*Heard and decided April 4.*

## J. Henry Whittemore and another v. John P. Weiss.

*Libel: Injury to business: Evidence.* In an action for libel where injury to one's business is alleged, the amount of his sales for the year in which the libel was published may be shown in evidence, though it covered some time previous to the publication; but the defendants should not be precluded from drawing out the facts in detail afterwards, so as to enable the jury to distinguish between the business before and after the publication.

*Evidence: Inferences from facts.* The rejection of questions calling only for the witness' inferences from the facts he has testified to, is not error where no facts upon which an opinion could be based are excluded, and where the inference sought to be raised is one the jury could as well draw as the witness.

*Words: Peculiar meaning in a business: "Agent."* It is competent to show that a word has acquired a peculiar meaning in a certain business, as for instance, "agent" in the piano trade, and to construe it accordingly when it is made use of in reference to that business.

*Libel: Other similar publications: Malice.* Other similar publications, made by defendants on the same or the following day, are held competent evidence in an action for libel, as bearing on the question of malice.

*Libel: Evidence: Rebuttal.* In an action for libel for publishing a statement in substance that the plaintiff who was then agent for the Steinway piano alone, had formerly been agent for both that and the Knabe, and while agent for both had universally recommended the Knabe as superior in every respect, where the defendants had undertaken to prove the publication to be true, it was held competent in rebuttal to show the comparative number of each sold by plaintiff during the period he was engaged in selling both.

*Libel: Justification: Proving the truth of part of the charge.* To make out a defense by way of justification of libel, the truth of the publication must be proved just as it is charged; and proving the truth of a part of the charge made in the publication is not a defense.

WHITTEMORE v. WEISS.

*False publication: Good faith: Improper purposes.* Good faith cannot protect a false publication; nor can one excuse himself for making a mistaken assault upon his neighbor's reputation by showing the absence of malice when, even had his charge been true, there was no proper purpose in bringing the matter to public notice.

*Counter publications: Provocation: Mitigation.* Counter publications which are not libelous and could have no force as a provocation are not admissible in evidence in mitigation of damages.

*Libel: Publication actionable per se: Malice: Nominal damages: Loss of trade.* When the publication is actionable *per se,* if maliciously published the recovery, though the declaration alleged as damages only a loss of trade to the plaintiff, could not properly be limited by the judge's charge to nominal damages merely, whatever the proof as to the influence upon plaintiff's business.

*Evidence: Letter: Admission: "Best."* A letter of the plaintiff stating that he had sold the Knabe pianos "for the best" is held not to warrant a construction which would make of it an admission that he had sold them as superior to the Steinway pianos; things may be "best" in the sense of ranking in the very first class without being superior to each other, and one piano may be best for one purpose, and another for another.

*Submitted on briefs January 7. Decided April 5.*

Error to Wayne Circuit.

This was an action for libel brought by Weiss against Whittemore & Stephens. The grievance complained of was the publication, over defendants' signature, on or about March 10, 1873, in the Detroit daily newspapers, of the following article:

"KNABE GRAND SQUARE AND UPRIGHT PIANO FORTES.

"These instruments having been before the public for over 30 years, have, upon their excellence alone, attained an unpurchased preëminence that pronounces them unrivaled.

"Before we had the honor of representing this magnificent instrument, the former agent had a good opportunity to test them with what he calls the king of pianos, and in every case the Knabe was chosen as the best, backed up by the judgment of the agent, in whose regard the Knabe stood preëminent, and he advised his customers to purchase the Knabe as being superior in every respect. We cheerfully refer to those parties who were guided by this agent's wisdom and purchased the Knabe in preference to the so-called 'King.' The Knabe has proven to be, after ten years' wear, magnificent in every respect and superior to all other

pianos, just as their former agent represented while agent for both pianos.

"We cordially endorse the recommend given by the old agent for the great excellence of the Knabe piano in the past, and we are proud to say that to-day the Knabe piano stands without a rival," etc.

This publication was averred to be false and libelous, and to have been injurious to the plaintiff in his business as an agent for the sale of the Steinway pianos.

It appeared in evidence that at the time of this publication plaintiff had the agency at Detroit and for the state for the sale on commission of the Steinway piano, which was sometimes called the king of pianos; that defendants were then engaged in the sale of the Knabe piano; that the plaintiff from 1863 to 1869, with his partners, had held the agency for the sale of both pianos, and that no others than plaintiff and his several partners had been at the same time agents for both the Steinway and the Knabe piano. The several points raised and the facts upon which they are based are sufficiently set out in the opinion. The case was once before the court on demurrer, and is reported in *28 Mich., 366*. Verdict and judgment having passed for plaintiff, the defendants brought error.

*D. B. & H. M. Duffield,* for plaintiffs in error.

*C. I. Walker,* for defendant in error.

COOLEY, CH. J:

I. Several of the errors assigned relate to matters regarding which a liberal discretion must be allowed to the judge conducting the trial, or there could never be an end to litigation. Of this class was the ruling of the circuit judge in permitting the plaintiff to show what his sales were for the year 1873. The objection to this was, that the showing covered some time which was previous to the publication complained of. It might have been better, perhaps, if the

judge had limited the showing to a period beginning with the publication, but no harm could be done by allowing it to embrace the whole year, unless the parties were precluded from drawing out the facts in detail afterwards, so as to enable the jury to distinguish between the business before and after the publication appeared. It is claimed that this was the fact, because after the plaintiff had testified that the year 1873 was not so good a year for the piano business as 1872, the defendants were not permitted to ask him whether, if the publication had not been made, he would have sold as many pianos in 1873 as in 1872. But this again must be regarded as a discretionary ruling. The plaintiff had shown that 1873 was a bad year for the piano business, and the conclusion that his sales would have fallen off in consequence was one the jury could draw as well as he could. It is not claimed that the court excluded any facts which could properly form the basis for an opinion; and if not, we cannot say there was error in not requiring the plaintiff to express his opinion upon the facts. Neither do we discover any error in the charge on this branch of the case. The jury were instructed in substance that they could award no damages for the falling off in plaintiff's business, unless they were satisfied it was in consequence of the publication complained of.

II. It is objected that the plaintiff was allowed to show that those who sold pianos of a particular make were called in the trade, "agents," though they bought and sold on their own account. The importance of the showing appears from the declaration, in which the plaintiff is described as agent. But there can be no legal objection to such evidence. It is always competent to show that a particular word has acquired a peculiar meaning in a certain business, and to construe it accordingly, when it is made use of in reference to that business.—*Coit v. Commercial Ins. Co.*, 7 *Johns.*, *385; Child v. Sun Mut. Ins. Co.*, 3 *Sandf.*, *26; Bancroft v. Peters*, 4 *Mich.*, *619.* Besides, it appears that the plaintiff had exclusive rights within certain territory, and sold one class of the

pianos on commission; and we are inclined to the opinion that the court might properly take notice of a general custom to designate persons doing business in that manner as agents. But on the other ground the ruling is clearly sustainable.

III. Complaint is made that plaintiff was allowed to put in evidence other publications than the one counted upon, but like it, which were made on the same or the following day. But this was competent, as bearing on the question of malice.—*Plunkett v. Cobbett, 5 Esp., 136; Finnerty v. Tipper, 2 Camp., 72; Macleod v. Wakley, 3 C. & P., 311; Wallis v. Mease, 3 Binn., 546; Inman v. Foster, 8 Wend., 602; Kennedy v. Gifford, 19 Wend., 296; Bodwell v. Swan, 3 Pick., 376; Baldwin v. Soule, 6 Gray, 321; Smith v. Wyman, 16 Me., 14; Williams v. Miner, 18 Conn., 464.* It is said that some of them were not shown to have been made by authority of the defendants; but this objection was not taken on the trial, and we must presume the proper showing was made.

IV. The question to the plaintiff, what was the comparative number of Steinway and Knabe pianos sold by him from 1865 to 1867, seems to us proper. The defendants had undertaken to show that plaintiff while selling both pianos had recommended the Knabe as best, and this was important to their defense. The answer to this question might have some tendency to rebut that showing, and on that ground was competent.

V. The charge of the court, that to make out a defense the truth of the publication must be proved just as it is charged, and that proving the truth of part of the charge is not a defense, was excepted to, as was also the refusal of the judge to charge, that if the jury believed certain witnesses for the defense who were named, they must find a verdict for defendants. The witnesses named were called for the purpose of showing that plaintiff, while selling both pianos, recommended the Knabe as best. Their testimony was not very direct, and we cannot say that if believed it would establish

that fact, and therefore we think the court was right in refusing the instruction requested. He was clearly right in the instruction given.

VI. The judge charged the jury that "malice is to be presumed from the publication, and its falsity; that to rebut this presumption defendants must prove that they made the publication in good faith, believing it to be true in all its essential parts, and for a proper purpose." Defendants insist that the purpose is immaterial, if they believed what they published, and made the publication in good faith. This might be so if the publication had been true; but good faith cannot protect a false publication; nor can one excuse himself for making a mistaken assault upon his neighbor's reputation by showing the absence of malice, when, even had his charge been true, there was no proper purpose in bringing the matter to public notice. If one makes an attack which the occasion does not justify, there is no injustice to him in requiring him to show its truth.

VII. The defendants requested the court to charge the jury, that they might consider a certain advertisement of the plaintiff preceding the publication complained of, and if they found that advertisement provoked such publication, they might consider it in mitigation of damages. The advertisement contained no reference to the defendants, and was only a very boastful proclamation of the merits of the Steinway pianos. The judge was right in holding that this was no provocation for a libel.

VIII. It is alleged for error that the judge refused to charge, that unless the jury should find that the publication complained of occasioned an actual injury and loss of trade to the plaintiff, then, under the declaration, which only alleged such injury, the plaintiff could only recover nominal damages. That might be true if the words had not been actionable *per se*; but being so, if the jury found they were maliciously published, the jury could not, whatever the proof as to the influence upon business, be thus limited in their verdict. In many cases it is impossible to show actual dam-

ages, and yet substantial damages are not only awarded, but are strictly just. The case of a charge against a woman of want of chastity may be taken as an illustration. Such a charge is almost necessarily injurious, and when falsely made should be severely visited; and yet in very many cases no special damages could possibly be shown.

IX. The judge was requested to instruct the jury, that a certain letter by the plaintiff in which he had spoken of selling the Knabe pianos "for the best," was an admission that he had sold them as superior to the Steinway pianos. But that would have been a forced construction. Things may be "best," in the sense of ranking in the very first class, without being superior to each other, and one piano may be best for one purpose, and another for another. The letter seems to have been called out by some charge conveyed to Mr. Knabe that plaintiff was recommending the Steinway pianos as superior to the Knabe pianos; and while by implication at least it denies that charge, it is not clear that it goes further.

No error is discovered in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.