ROBINSON *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—BIDS—WATER METERS—CONTRACTS—GUARANTY.

Bid of defendant meter manufacturer *held,* in substantial conformance to notice and specifications for proposals to city that water meters "must" be guaranteed for a period of three years although bid contained a one-year guaranty, in view of other language of notice and specifications that bidder may make such guaranty as he desired to offer and submit cost of replacement parts.

2. SAME—SPECIFICATIONS—CONTRACTS—COMPETITION—UNCERTAINTY.

Specifications and notice for proposals for water meters *held,* not so lacking in definiteness as to fail to require competitive bidding as provided by charter nor so uncertain as to make bid invalid, where they described types and measurements of meters to be bid upon and left period of guaranty to discretion of bidder.

3. SAME—BIDS—WATER METERS.

Successful bid for water meters *held,* not invalid because it contained two separate proposals on meters of the same class and measurements but at different prices notwithstanding clause in specifications that bid should be on best grade of meter, where bids might be made on all types of meters, bidder was required to furnish full description, specifications and detailed information as to each size and kind, and right was reserved to select meter best suited to local service conditions.

4. APPEAL AND ERROR—TRUTH OF ALLEGATIONS OF BILL ASSUMED ON MOTION TO DISMISS.

On appeal from order granting motion to dismiss bill of complaint, all allegations well pleaded are assumed to be true.

5. MUNICIPAL CORPORATIONS—DISCRETION OF CITY COUNCIL—WATER METERS.

Discretion of city council is presumed properly exercised in its selection of what is the best grade of water meter for local service conditions, in the absence of a charge of either lack of good faith, fraud, collusion or violation of a trust.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted April 5, 1934. (Docket No. 47, Calendar No. 37,655.) Decided June 4, 1934.

Bill by Alfred T. Robinson and others against City of Saginaw, a municipal corporation, and Badger Meter Manufacturing Company, a Wisconsin corporation, to enjoin performance of a contract and for other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*Harold D. Warren* (*Frank A. Rockwith*, of counsel), for plaintiffs.

*David E. McLaughlin*, for defendant City of Saginaw.

*Pierson & Karls*, for defendant Badger Meter Manufacturing Company.

BUTZEL, J. The charter of the city of Saginaw (section 55), provides that no contract for expenditures exceeding $1,000 shall be awarded without competitive bidding. On May 17, 1933, the city advertised for sealed proposals for water meters of different sizes, and executed and filed certain specifications applicable to such meters. The Badger Meter Manufacturing Company, a Wisconsin corporation, defendant herein, and the Pittsburgh Equitable Meter Company were among those submitting bids. On July 20, 1933, the council adopted a resolution wherein it was resolved that the bid of the Badger Meter Manufacturing Company for ¾-inch meters, and those of the Pittsburgh Equitable Meter Company on all other sizes of meters advertised for, were the lowest and best bids, and that the contracts be awarded accordingly to the two com-

panies. Five days later the council at a regular meeting resolved to reconsider its action, and subsequently the entire contract for all the meters was awarded to the Badger Meter Manufacturing Company.

In the notice inviting sealed proposals appear the following pertinent provisions:

"Each bidder shall furnish full description, specifications and detailed information for each size and kind of water meter bid upon. Bids may be made on all types of water meters; alternative bids for U. S. G. graphite discs or pistons.

"In addition to quoting prices on said meters, each bidder shall submit a price list of parts specifying the price at which the city may purchase parts of meters. Bidders shall furnish with their bids such guaranty or guaranties of their respective meters and parts as they are willing and authorized to make. In addition to the foregoing, bidders may furnish such other information and facts as they desire relative to maintenance cost, accuracy, cost of parts, life of meter and other like information. Prices for each size and kind of meter shall be made on unit basis including f. o. b. Saginaw, Michigan.
* * *

"The city shall have and expressly reserves the right to accept any part or all of any bid; to award contract to two or more bidders for such quantities and/or sizes as the city shall determine; to reject any or all bids."

The specifications contain the following clauses:

"The manufacturer: Shall bid on their best grade of meter and bids on undersized, substitute or so-called competitive meters will not be considered.
* * *

"Guarantee: Meters must be guaranteed against defects in materials and workmanship for a period

of three years from date of shipment. Parts to replace those in which a defect may develop within such period, will be supplied without charge, piece for piece, upon the return of such defective parts to the manufacturer thereof, or upon proper proof of such defect; or bidder may make such guaranty he desires to offer. * * *

"Awarding of contract: The city reserves the right to accept or reject any bid or to award the contract for such meter or meters as may be regarded as best suited to local service conditions. The city further reserves the right to increase the quantity of meters named in these specifications, to a number sufficient to meet the requirements of the city at such time or times as additional meters are required, and funds for the purchase therefor are available, or to accept proposals in entirety or parts thereof."

The bid of the Badger Meter Manufacturing Company contained two separate and distinct proposals, upon two models of meters of the same type and measurements, one higher-priced than the other. The bid contained a guaranty against defects in material and workmanship for a period of only one year. The proposal of the Pittsburgh Equitable Meter Company was for but one model of meter of the type specified. The prices submitted by the Pittsburgh company were identical with those offered by the Badger Company on its lower-priced model, with the exception of one size, as to which the bid of the Badger Company was slightly lower. Plaintiffs Robinson *et al.,* as taxpayers of the city of Saginaw, brought suit praying for cancellation of the contract awarded to the Badger Meter Company, and for an injunction restraining the performance thereof. Plaintiffs claim that the proposal of the Badger Company did not conform to the

terms set forth by the city in its notice asking for bids and in its specifications, and that the acceptance of such proposal was illegal for that reason. The trial judge granted a motion to dismiss plaintiffs' bill of complaint, from which order plaintiffs have appealed.

Appellants lay great stress upon the fact that the specifications contained a clause providing that meters must be guaranteed for a period of three years from date of shipment. It is claimed that the Badger Company's bid was therefore invalid, because it limited its guaranty to a period of one year. However, the section dealing with the period of guaranty ends as follows:

"Or bidder may make such guaranty as he desires to offer."

Furthermore, the notice inviting the sealed proposals contained a provision that bidders "shall furnish with their bid such guaranty or guaranties of their respective meters and parts as they are willing and authorized to make." We believe that in view of this other language permitting bidders to make such guaranties as they desired to offer, the word "must," as used in the clause stressed by appellants, should be construed as merely directory rather than mandatory or imperative. The bid therefore did conform substantially and in material respects with the notice or advertisement for bids, and with the specifications, although it contained only a one-year guarantee. *Andrews* v. *City of Detroit,* 233 Mich. 79; *Pascoe* v. *Barlum,* 247 Mich. 343 (65 A. L. R. 833).

Appellants contend that if the specifications did permit bidders to submit any guaranty they desired, there was then a lack of a definite, concise basis for

competition among bidders, in violation of the provision of the charter requiring competitive bidding. There is no question that such necessary information must be placed within the reach of bidders as to enable them to bid intelligently and to make it possible for the city to know whose bid is lowest. *City of Detroit* v. *Wayne Circuit Judge,* 79 Mich. 384. The specifications and notice together did give such information. They described the types of meters to be bid upon, the measurements, etc. Only the length of the period of guaranty was left to the discretion of the bidders. This did not constitute such a lack of definiteness so as not to inform bidders of the conditions they were supposed to meet, and there was no such uncertainty as to make the bids invalid. *City of Detroit* v. *Wayne Circuit Judge, supra; Attorney General, ex rel. Cook,* v. *City of Detroit,* 26 Mich. 263. There was, therefore, no impropriety in the council's acceptance of the bid here attacked, even though it contained only a one-year guaranty.

It is further claimed that the successful bid was invalid because it contained two separate proposals on the same class of meters, both being for meters of the same measurements, but at different prices; that only one of such meters, the higher-priced one, could be the best grade, and that the proposal consequently did not comply with the clause in the specifications providing:

"The manufacturer: Shall bid on their best grade of meter and bids on undersized, substitute or so-called competitive meters will not be considered."

The notice hereinbefore quoted, inviting sealed proposals, provided that each bidder should furnish full description, specifications and detailed informa-

tion for each size and kind of water meter bid upon, and that bids might be made on all types of water meters. The specifications provided that the city reserved the right to accept or reject any bid or to award the contract for such meter or meters as might be regarded as best suited to local service conditions.

The words "best grade" do not necessarily mean the highest-priced, but rather denote a class of meters of the highest quality. One model of water meter might be best under certain conditions, while a more simple and less expensive kind might be best for other conditions. The distinction is pointed out in *Whittemore* v. *Weiss,* 33 Mich. 348. The problem of measuring the water used in one locality might necessitate a very expensive water meter, which would be the best to meet that particular local problem, while in another locality a cheaper meter might be the best. In *Attorney General, ex rel. Cook,* v. *City of Detroit, supra,* in which an attack was made on specifications inviting bids on numerous different kinds of pavement, the court stated:

"The greater the number of such pavements, the larger is the opening for competition."

The lower court granted a motion to dismiss, and we must, therefore, assume, for the purposes of this appeal, that all allegations well pleaded in the bill are true, including plaintiffs' allegations that the meters accepted were not best-grade meters. It appears however that the local council, in the proper exercise of its discretion, determined that such meters were best-grade meters, and not undersized, substitute or so-called competitive meters. There is absolutely no charge of either lack of good faith,

fraud, collusion, or violation of any trust. In *Leavy v. City of Jackson,* 247 Mich. 447, as well as in *Berghage* v. *City of Grand Rapids,* 261 Mich. 176, the following statement from 3 McQuillin on Municipal Corporations (2d Ed.), § 1340, was expressly approved of and followed by the court:

"The exercise of discretion to accept or reject bids will only be controlled by the courts when necessary to prevent fraud, injustice or the violation of a trust. The court will indulge the presumption that the authorities acted in good faith in awarding the contract."

See, also, *Putnam* v. *City of Grand Rapids,* 58 Mich. 416, and *City of Detroit* v. *Wayne Circuit Judge, supra.* The determination of the council that the bidder complied with the conditions fairly set forth in the advertisement and specifications will not be disturbed by the court under the circumstances.

It is unnecessary to discuss other questions raised solely by appellees.

The decree of the trial court is affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.