## GLAZER v LAMKIN

Docket No. 140624. Submitted May 5, 1993, at Lansing. Decided September 7, 1993, at 10:05 A.M.

Richard M. Glazer and Charles J. Plante brought an action in the Livingston Circuit Court against Mary A. Lamkin, alleging defamation with respect to statements by the defendant that the plaintiffs had paid off certain members of the Hamburg Township Board for favorable treatment of a rezoning request and that the plaintiffs had exerted undue influence and control over the same officials. The court, Stanley J. Latreille, J., granted summary disposition for the defendant, ruling that the plaintiffs, as private individuals, were limited by statute to recovery for economic damages and that the plaintiffs had failed to demonstrate that they had suffered economic damages. The plaintiffs appealed.

The Court of Appeals *held:*

MCL 600.2911(2)(a); MSA 27A.2911(2)(a) provides that in actions based on libel or slander the plaintiff is entitled to recover only the actual damages suffered in respect to the plaintiff's property, business, trade, profession, occupation, or feelings. MCL 600.2911(7); MSA 27A.2911(7) provides that an action for libel or slander shall not be based upon a communication involving a private individual unless the defamatory falsehood concerns the private individual and was published negligently. Recovery under subsection 7 is limited to economic damages, including attorney fees.

In this case, the trial court misconstrued MCL 600.2911; MSA 27A.2911 to the extent that it concluded that only public figures are entitled to actual damages. Under subsection 7, a private figure who establishes negligent publication of a defamatory falsehood is limited to recovery of economic damages, including attorney fees. However, under subsection 2(a), a

REFERENCES

Am Jur 2d, Libel and Slander §§ 302.5, 349-361.

Proof of injury to reputation as prerequisite to recovery of damages in defamation action—post-Gertz cases. 36 ALR4th 807.

Excessiveness or inadequacy of compensatory damages for defamation. 49 ALR4th 1158.

private figure, upon proof of actual malice in the publication of a defamatory falsehood may recover actual damages. Although the trial court misconstrued the statute, it did not err in granting summary disposition for the defendant, given the plaintiffs' failure to establish a genuine issue of fact concerning actual malice.

Affirmed.

LIBEL AND SLANDER — PRIVATE FIGURES — DAMAGES.

In an action for libel or slander brought by a private figure, proof that publication of the defamatory falsehood was a result of negligence entitles the plaintiff to recovery of economic damages, including attorney fees, while proof of actual malice in publication entitles the plaintiff to actual damages suffered in property, business, trade, profession, occupation, or feelings (MCL 600.2911[2][a],[7]; MSA 27A.2911[2][a],[7]).

*Michael F. Merritt,* for the plaintiffs.

*Jay R. Drick,* for the defendant.

Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.

SHEPHERD, J. In this defamation action, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs now appeal, and we affirm.

Plaintiffs' complaint sets forth the following allegations:

3. That on or about December 19, 1989, at a meeting called by the Hamburg Township Board Defendant did accuse the Plaintiffs of paying off certain elected Board officials in order to obtain political favors in the form of a favorable vote on a zoning request that had been made by the plaintiffs.

4. That at the same meeting the Defendant did accuse the Plaintiffs of having undue influence and control over these elected officials and implied that a vote recently taken by the Board in favor of the Plaintiffs was a political pay-off, clearly implying

that the Plaintiffs were involved in some kind of illegal political conspiracy.

5. That the utterances made by the Defendant expressly and impliedly state that the plaintiffs are guilty of violating certain criminal laws and statutes of the State of Michigan which is libelous per se.

6. That the Plaintiffs believe the Defendant either directly or through her agents or cohorts have launched a letter-writing campaign to the Brighton Argus and Livingston County Press which directly and impliedly state that the Plaintiffs have wrongfully influenced elected Board members, have been violating environmental laws, and are generally creating a health and safety hazard, all of which is libelous per se.

7. That again on December 29, 1989, through a petition to recall the elected Board officials filed with the Livingston County Clerk and through an article the Defendant cause[d] to be published in the *Livingston County Press* and the *Brighton Argus* on January 3, 1990, the Defendant did impliedly accuse the Plaintiffs of "paying off political favors" and otherwise of directing or controlling the votes of these public officials, that these accusations are criminal nature [sic] and are also libelous per se.

In ruling in favor of defendant's, the trial court found that plaintiffs failed to demonstrate a genuine issue of material fact because they did not show that they suffered economic damages as required under MCL 600.2911(7); MSA 27A.2911(7).

Michigan's defamation statute, MCL 600.2911; MSA 27A.2911, amended by 1988 PA 396, § 1, applying to causes of action arising on or after January 1, 1989, provides in pertinent part as follows:

(1) Words imputing a lack of chastity to any female or male are actionable in themselves and

subject the person who uttered or published them to a civil action for the slander in the same manner as the uttering or publishing of words imputing the commission of a criminal offense.

(2)(a) Except as provided in subdivision (b), in actions based on libel or slander the plaintiff is entitled to recover only the actual damages he or she has suffered in respect to his or her property, business, trade, profession, occupation, or feelings.

\* \* \*

(7) An action for libel or slander shall not be brought based upon a communication involving a private individual unless the defamatory falsehood concerns the private individual and was published negligently. Recovery under this provision shall be limited to economic damages including attorney fees.

With regard to the amended statute in question, the trial court noted that subsection 1 preserves common-law slander per se, while subsection 2(a) allows recovery not only for actual economic damages but also for injuries to reputation or feelings. However, the trial court noted that subsection 7, which was added shortly after the Supreme Court's decision in *Rouch v Enquirer & News of Battle Creek,* 427 Mich 157; 398 NW2d 245 (1986), limits recovery in an action involving a private individual to economic damages, and that "damages other than economic damages are available only in public-figure defamation suits and not to private plaintiffs."

Contrary to the trial court's construal, we do not believe that the Legislature, in amending MCL 600.2911; MSA 27A.2911, intended that subsection 2(a) should apply only to actions for libel or slander actions involving public plaintiffs.

Where a statute is clear and unambiguous, judicial construction or interpretation is precluded.

*Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). If judicial construction or interpretation is necessary, the court must ascertain and give effect to the intent of the Legislature, assigning words their ordinary, normally accepted meanings. *Id.; People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). In determining legislative intent, courts should give statutory language a reasonable construction that best accomplishes the statute's purpose. *In re Forfeiture of $5,264,* 432 Mich 242, 248; 439 NW2d 246 (1989). The Legislature will be presumed to have intended that its amendments of a statute be construed harmoniously with other provisions of the statute. *Michigan Millers Mutual Ins Co v West Detroit Building Co, Inc,* 196 Mich App 367, 373; 494 NW2d 1 (1992).

In this case, the clear language of subsection 2(a) of the statute states that "in actions based on libel or slander *the plaintiff* is entitled to recover only the actual damages he or she has suffered . . . ." (Emphasis provided.) Nowhere in the statute does it say that only *public* individuals are entitled to actual damages in an action for actual malice.

On the other hand, subsection 7 states that an action involving a private individual may not be brought unless the falsehood concerns the private individual and was published negligently. Under this provision, only economic damages, including attorney fees, can be recovered.

Although the trial court construed subsection 7 as limiting recovery by private plaintiffs in actions for libel and slander to economic damages, we do not believe that the Legislature intended to permit only public plaintiffs to seek actual damages for injuries to reputation and feelings under subsection 2(a). We believe that the trial court's construal is incorrect, inasmuch as these two subsec-

tions can be read harmoniously. Under subsection 7, if the publication of the defamatory falsehood is negligent, a private plaintiff must prove economic damages but cannot recover for injuries to feelings. Under subsection 2(a), however, if a private plaintiff proves actual malice, the plaintiff is entitled to, among other things, actual damages to reputation or feelings.

In the instant case, the trial court thus erred in granting defendant summary disposition on the ground that plaintiffs failed to show that there was a genuine issue with respect to whether they suffered economic damage as a result of defendant's alleged slander. Although plaintiffs failed to establish that they suffered economic damage, summary disposition was improper because plaintiffs would be entitled to actual damages for hurt feelings under subsection 2(a) if they could show actual malice. Although the trial court erred in basing its decision on the ground that plaintiffs had produced no evidence of economic damage, we will not reverse where the right result is reached for the wrong reason. *State Mutual Ins Co v Russell,* 185 Mich App 521, 528; 462 NW2d 785 (1990).

A motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) tests whether there is factual support for a claim. In deciding such a motion, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it, and give the nonmoving party the benefit of every reasonable doubt. *Pete v Iron Co,* 192 Mich App 687, 688; 481 NW2d 731 (1992).

Here, summary disposition is proper under MCR 2.116(C)(10) because plaintiffs have failed to present any evidence setting forth specific facts show-

ing a genuine issue of material fact that defendant
made statements slandering or libeling plaintiffs.

A communication is defamatory if it tends to
harm the reputation of another so as to lower that
person in the estimation of the community or
deter third persons from associating or dealing
with that person. *Swenson-Davis v Martel,* 135
Mich App 632, 635; 354 NW2d 288 (1984). Slander
(libel) per se exists where the words spoken (writ-
ten) are false and malicious and are injurious to a
person in that person's profession or employment.
*Id.,* p 636.

To show actual malice, plaintiffs must prove
that the defendant made the statement with
knowledge that it was false or with reckless disre-
gard of the truth. *Hodgins v Times Herald Co,* 169
Mich App 245, 255; 425 NW2d 522 (1988). A gen-
eral allegation of malice is insufficient to establish
a genuine issue of material fact. *Swenson-Davis,
supra,* p 637.

After a thorough review of the record, we have
found nothing to establish a genuine issue of mate-
rial fact that defendant slandered or libeled plain-
tiffs by accusing them of paying off Hamburg
Township officials or of using undue influence and
control over these officials in order to obtain a
favorable vote on a rezoning request for plaintiffs'
bar. The documentary record, consisting of deposi-
tion testimony and the minutes of the meeting,
reveals that at the board meeting on December
19,1989, defendant accused Hamburg Township
Supervisor Henry Bater of having a "conflict of
interest" by voting on the rezoning measure to
allow plaintiffs to expand the seating capacity of
their bar. The record indicates that plaintiffs sup-
ported Bater during the election campaign for
township supervisor in which Bater defeated de-
fendant and placed a campaign sign on a barn on

property owned by plaintiff Charles Plante behind the bar. Defendant further stated that Bater was "pro development," and that he tended to act in behalf of his friends. Defendant also threatened to conduct a recall campaign of Hamburg Township board members who voted for rezoning.

In short, the record contains no admissible documentary evidence setting forth specific facts showing a genuine issue of material fact that defendant accused *plaintiffs* of paying off certain board officials or of having undue influence and control over them, as plaintiffs allege in their complaint. Furthermore, we have found nothing to support plaintiffs' contention that defendant engaged in a letter-writing campaign to area newspapers accusing plaintiffs of paying off officials for political favors or wrongfully influencing elected board members. Summary disposition is therefore proper under MCR 2.116(C)(10).

Affirmed.