Murphy, P.J.
 

 Plaintiff appeals as of right from the circuit court’s order denying its motion for summary disposition and granting defendant’s motion for summary disposition pursuant to MCR 2.116(C)(10). The action initiated by plaintiff sought contractual indemnification from defendant for the costs associated with plaintiff’s settlement of a separate personal injury action. We affirm.
 

 By oral agreement plaintiff sold defendant a number of used power presses. Plaintiff prepared and sent to defendant a written invoice confirming the sale. In response defendant sent three checks in satisfaction of the contract price, thus performing the contract as orally agreed. The invoice, signed by neither party, and the checks were the only writings related to the sale. In addition to the contract terms the parties orally agreed to, the invoice contained an indemnity clause that had never been discussed. This clause,
 
 *175
 
 entitled “conditions of sale” and printed on the front of the invoice, stated in pertinent part:
 

 Indemnification: buyer agrees to indemnify and hold seller HARMLESS FROM ANY AND ALL LIABILITY, LOSS OR DAMAGES WHICH SELLER MAY SUFFER AS A RESULT OF CLAIMS, DEMANDS, COSTS OR JUDGMENTS MADE AGAINST SELLER ARISING OUT OF ANY USE WHATSOEVER OF MACHINERY AND EQUIPMENT SOLD PURSUANT TO THIS AGREEMENT ....
 

 The evidence unquestionably demonstrates that defendant did not expressly agree to the inclusion of this additional term.
 

 Approximately five years after completion of this sale, an employee of defendant was injured while operating one of these power presses. The employee sued plaintiff and various others for damages based on theories of negligence and breach of warranties. Plaintiff settled with the employee and subsequently filed the underlying action seeking contractual indemnification from defendant based on the “conditions of sale” clause contained in the invoice. Defendant filed a motion for summary disposition, pursuant to MCR 2.116(C)(10), on the ground that the indemnity term never became part of the contract because under MCL 440.2207; MSA 19.2207 the invoice was only a “written confirmation” of the parties’ oral agreement and the indemnity term was a material alteration that defendant did not expressly accept. Plaintiff opposed the motion, contending that defendant’s acceptance of all terms contained in the invoice was indicated by its payment of the contract price without objection to the conditions. Plaintiff sought summary disposition in its favor.
 

 
 *176
 
 At a hearing on the motions, plaintiff argued that, because the transaction was a sale of goods for over $500, the statute of frauds required a writing. Plaintiff contended that there had been no binding contract before the exchange of the invoice and the three checks because they were the only writings associated with the transaction. Thus, plaintiff argued, the invoice constituted an offer, not written confirmation of a prior agreement, and MCL 440.2207; MSA 19.2207 was inapplicable. Plaintiff also contended that defendant’s failure to object to the terms on the invoice should be deemed acceptance of those terms because of a previous course of dealing between the parties wherein indemnity clauses were included on invoices. Plaintiff, however, was unable to locate any old invoices and therefore introduced no evidence of a previous course of dealing.
 

 The circuit court indicated that the statute of frauds was inapplicable, finding that the parties did reach an oral agreement that, though perhaps initially unenforceable under the statute of frauds, became an enforceable contract once performance occurred. Thus, the court applied MCL 440.2207; MSA 19.2207 and inquired whether the indemnification clause constituted a material alteration of the parties’ oral agreement. The court found that the term was a material alteration that should not be incorporated into the contract because it had not been expressly accepted. Finally, the court concluded that because there was no evidence of a previous course of dealing by which defendant’s silence would constitute acceptance of additional material terms, summary disposition in defendant’s favor was appropriate.
 

 
 *177
 
 We review a trial court’s decision on a motion for summary disposition de novo.
 
 Spiek v Dep’t of Trans
 
 portation, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim.
 
 Id.
 
 In reviewing the trial court’s decision, we must consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties to determine whether a genuine issue of any material fact exists to warrant a trial.
 
 Id.
 

 As it did at the motion hearing, plaintiff contends that on the basis of the statute of frauds, there was no agreement before the exchange of its invoice and defendant’s three checks. Plaintiff argues, therefore, that MCL 440.2207; MSA 19.2207 is inapplicable and that defendant’s silence in the face of the terms contained in the invoice should be deemed acceptance of those terms. We disagree.
 

 MCL 440.2201; MSA 19.2201 provides:
 

 (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such ■writing.
 

 (2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objec
 
 *178
 
 tion to its contents is given within 10 days after it is received.
 

 (3)
 
 A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable
 

 (a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller’s business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or
 

 (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or
 

 (c)
 
 with respect to goods for which payment has been made and accepted or which have been received and accepted
 
 (section 2606). [Emphasis added.]
 

 Plaintiff claims that to the extent there was any agreement regarding this transaction before it sent the invoice that contained the indemnity term, under subsection 1 that agreement is unenforceable with regard to its limited terms because it lacked a writing.
 
 [1]
 
 This statute of frauds argument, in which plaintiff suggests that the invoice was actually an offer, is
 
 *179
 
 inappropriate. It is clear that pursuant to the exception found in subsection 3(c), an oral agreement may become enforceable through performance. Here, the evidence undeniably demonstrates that the parties reached an oral agreement regarding quantity, price, and other minor conditions of the transaction, with no discussion of indemnity. It is also undisputed that performance occurred. The existence of an enforceable contract of sale, albeit oral, is therefore established, and the appropriate question concerns determination of the terms incorporated in that agreement.
 

 MCL 440.2207; MSA 19.2207 controls the dispute over whether indemnification became an additional term of the parties’ oral agreement on the basis of its inclusion in plaintiff’s written confirmation, the invoice. This statute provides:
 

 (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
 

 (2)
 
 The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
 

 (a) the offer expressly limits acceptance to the terms of the offer;
 

 (b) they materially alter it;
 
 or
 

 (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
 

 (3) Conduct by both parties which recognizes the existence
 
 of
 
 a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the
 
 *180
 
 parties agree, together with any supplementary terms incorporated under any other provisions of this act. [Emphasis added.]
 

 The critical question in this case is whether the additional indemnification term, contained in plaintiff’s invoice that constitutes a written confirmation of the agreement, materially altered the parties’ oral agreement.
 

 This is an issue of first impression in Michigan. Pursuant to MCL 440.1102(1); MSA 19.1102(1) the Uniform Commercial Code (ucc) “is to be liberally construed and applied to promote its underlying purposes and policies.”
 
 Shurlow v Bonthuis,
 
 456 Mich 730, 737, n 12; 576 NW2d 159 (1998). Among these underlying purposes and policies, it is directed that the ucc should be construed “to make uniform the law among the various jurisdictions.” MCL 440.1102(2)(c); MSA 19.1102(2)(c). We thus find it appropriate to seek guidance from the decisions of other jurisdictions. See
 
 Shurlow, swpra
 
 at 737-738. In
 
 Palmer G Lewis Co, Inc v ARCO Chemical Co,
 
 904 P2d 1221, 1229-1230 (Alas, 1995) (additional footnotes omitted), the Alaska Supreme Court analyzed this same issue, concluding:
 

 For instance, in Washington and elsewhere, clauses such as those listed in Code comment four, like warranty disclaimers, are routinely deemed material as a matter of law. Similarly, though Washington courts have not had occasion to address the issue, other courts commonly hold that indemnification clauses like ARCO’s are “material” as a matter of law.
 
 [22]
 
 Furthermore, we have found no case where an indemnity clause was held to be “immaterial” under section 2-207. These factors lead us to predict that Washington courts would hold that ARCO’s indemnity clause was a
 
 *181
 
 material alteration of the parties’ contract under section 2-207(2)(b) of the UCC. Therefore, we hold that the clause is unenforceable as a matter of law.
 

 Given the analysis and holding of
 
 Palmer,
 
 and its citation of similar holdings from numerous other jurisdictions, we likewise conclude that under Michigan law an indemnity clause should be deemed a material alteration.
 

 Next we must determine whether this material alteration was incorporated in the agreement by virtue of the parties’ actions. Official comments to the ucc, though lacking the force of law, are useful aids in construing and interpreting its sections.
 
 Shurlow, supra
 
 at 735, n 7. Relevant to this inquiry, comment 3 of MCL 440.2207; MSA 19.2207 states:
 

 Whether or not additional or different terms will become part of the agreement depends upon the provisions of subsection (2).
 
 If they are such as materially to alter the original bargain, they will not be included unless expressly agreed to by the other party.
 
 If, however, they are terms which would not so change the bargain they will be incorporated unless notice of objection to them has already been given or is given within a reasonable time. [Emphasis added.]
 

 
 *182
 
 In a most pertinent and well-reasoned analysis, this Court previously recognized and accepted the principle espoused in this comment:
 

 Section 2207 seeks to avoid the imposition on businessmen of unagreed terms. Prior to section 2207 terms not agreed upon were often imposed upon one party, generally the purchaser, in consequence of that party’s performance of an informal agreement following receipt by such party of a document setting forth additional, often boiler plate, terms. The comments of the National Conference of Commissioners on Uniform State Laws and the American Law Institute indicate that material additional terms do not become part of the contract “unless
 
 expressly
 
 agreed to by the other party.” (Reprinted at 19 Stat Ann 1964 Rev § 19.2207, p 286.)
 

 Under section 2207, a party, except a merchant in the case of an immaterial term, may ignore additional terms, and proceed with performance of the agreement actually negotiated by the parties without fear that such performance will be interpreted by court or jury as acceptance of the other party’s additional terms. The fact that, following an oral agreement, one or both of the parties resorts to what some call the battle of forms, does not, under section 2207, change the agreement or prevent the formation of the contract, or place one party or another in the position of waiving the benefit of the agreement or becoming bound to unagreed small or large print by proceeding with performance of those terms upon which the parties, in fact, did orally agree.
 

 Just as with any other “additional term,” we must regard as extraneous that portion of a printed form confirming a prior oral agreement which states, as does the seller’s form in this case, that the “contract” reflected in that form becomes effective upon signature by the purchaser or the purchaser’s acceptance of all or part of the goods. While section 2207 literally provides that an
 
 acceptance
 
 can expressly be “made conditional on assent to the additional or different terms,” it omits to state that a “written confir
 
 *183
 
 mation” can so provide, and we conclude that the omission was a deliberate choice by the experienced, careful draftsmen of the uniform commercial code. We add that any other construction would be opposed to the policy of section 2207. Surely a party who has entered into an agreement cannot change that agreement by the simple expedient of sending a written “confirmation” containing additional or different terms including an additional “conditional assent” term providing that the other contracting party, by performing the previously agreed upon terms, agrees to all the unagreed upon additional or different terms.
 
 [American Parts Co, Inc v American Arbitration Ass’n,
 
 8 Mich App 156, 173-174; 154 NW2d 5 (1967) (emphasis in original).]
 

 This Court therein concluded that a purchaser’s acceptance and payment for large quantities of goods may not be regarded as acts manifesting the purchaser’s assent to an additional term concerning arbitration disputes.
 
 Id.
 
 at 172-173. The case was remanded without reaching the question whether the arbitration clause at issue was a material alteration requiring express acceptance.
 

 Notwithstanding this authority indicating that express acceptance is required to incorporate the indemnification term, plaintiff suggests that defendant’s silence in response to the invoice should be construed as acceptance on the basis of the parties’ previous course of dealing. See MCL 440.1205; MSA 19.205. Because plaintiff has failed to present any evidence of a previous course of dealing in support of this theory, we find no basis for reaching a conclusion contrary to the above clear guidance. In this case defendant did not expressly accept the additional indemnification term. We therefore conclude that indemnification never became part of the agreement.
 
 *184
 
 Consequently, the circuit court’s grant of summary disposition in defendant’s favor was proper.
 

 Affirmed.
 

 [1]
 

 Plaintiff also appears to contend that the circuit court erroneously found that the parties reached an oral agreement. Plaintiff argues common-law principles in suggesting that there was no “meeting of the minds” on “essential terms,” including indemnity, of the contract of sale. We decline to consider this line of argument both because plaintiff did not present this theory in the circuit court,
 
 Peterman v Dep’t of Natural Resources,
 
 446 Mich 177, 183; 521 NW2d 499 (1994), and because on appeal plaintiff has cited no authority in support of its proposition that indemnity is an essential term.
 
 In re Toler,
 
 193 Mich App 474, 477; 484 NW2d 672 (1992).
 

 [22]
 

 See
 
 Union Carbide Corp v Oscar Mayer Foods Corp,
 
 947 F2d 1333, 1335 (CA 7, 1991);
 
 Trans-Aire Int’l [v Northern Adhesive Co],
 
 882 F2d [1254, 1260-1261 (CA 7, 1989)];
 
 St Charles Cable TV, Inc v Eagle Comtronics, Inc,
 
 687 F Supp 820, 827-828 (SD NY, 1988), aff’d 895 F2d 1410 (CA 2, 1989);
 
 Charles J King, Inc v Barge “LM-10,”
 
 518 F Supp 1117, 1120-1121 (SD NY, 1981);
 
 Maxon Corp v Tyler Pipe Indus, Inc,
 
 497 NE2d 570, 576-577 (Ind App, 1986);
 
 Brown Mach v Hercules, Inc,
 
 770 SW2d 416, 421 (Mo App, 1989);
 
 Resch v Greenlee Bros & Co,
 
 128 Wis 2d 237; 381 NW2d 590 (1985).