BURDEN v ELIAS BROTHERS BIG BOY RESTAURANTS

Docket No. 204788. Submitted October 6, 1999, at Detroit. Decided May 5, 2000, at 9:00 A.M. Leave to appeal sought.

Jacqueline K. Burden and Adrianne D. Roby brought an action in the Wayne Circuit Court against Elias Brothers Big Boy Restaurants and Darryll Smith, an assistant manager of a restaurant, alleging slander as a result of accusations by Smith while the plaintiffs were in his restaurant that the plaintiffs had left the restaurant the previous day without paying for their meals. The court, Pamela R. Harwood, J., granted summary disposition in favor of Big Boy on the basis that MCL 600.2911; MSA 27A.2911, as amended by 1988 PA 396, § 1, required a showing of economic damages pursuant to subsection 2911(7) or a showing of actual malice pursuant to subsection 2911(2)(a) and the plaintiffs failed to present such evidence. The court also denied the plaintiffs' motion to enter a default judgment with respect to Smith and dismissed the claim against him with prejudice. The plaintiffs appealed from the grant of summary disposition in favor of Big Boy, alleging that the addition of subsection 7 to § 2911 in 1988 did not repeal the provisions of subsection 2911(1) that provide that words imputing a lack of chastity or the commission of a crime are actionable in themselves and, therefore, their inability to prove damages is not fatal to their claim.

The Court of Appeals held:

1. Subsection 2911(1) is a codification of the common-law principle that words imputing a lack of chastity or the commission of a crime constitute defamation per se and are actionable even in the absence of an ability to prove actual or special damages. The person so defamed may bring a civil action and receive at least nominal damages in the absence of any proof of actual or special damages.

2. The specific reference in subsection 2911(1) to actions based on words imputing a lack of chastity or the commission of a crime distinguishes these actions from other slander actions and excepts those two defamation per se actions from the damage restrictions in subsections 2(a) and 7 applicable to other slander actions.

3. The plaintiffs alleged defamation per se, the damages for which are presumed. The court erred in granting summary disposition with regard to the issue of damages.

Reversed and remanded.

LIBEL AND SLANDER — ACTIONS — DAMAGES.

The inability to prove damages is not fatal to a claim under MCL 600.2911(1); MSA 27A.2911(1) that alleges defamation resulting from words imputing a lack of chastity or the commission of a crime; such words constitute defamation per se and are actionable even in the absence of an ability to prove actual or special damages; actions under subsection 2911(1) based on words imputing a lack of chastity or the commission of a crime are not subject to the damages restrictions applicable to other slander actions contained in subsections 2911(2)(a) and 2911(7).

*William L. Glenn*, for the plaintiffs.

*DeWitt, Balke & Vincent, P.L.C.* (by *William B. Balke* and *Cathleen C. Jansen*), for Elias Brothers Big Boy Restaurants.

Before: NEFF, P.J., and MURPHY and J. B. SULLIVAN*, JJ.

PER CURIAM. Plaintiffs[1] appeal as of right from the summary dismissal of their slander action pursuant to MCR 2.116(C)(10).[2] We reverse and remand.

The following facts are not in dispute. Plaintiffs, uniformed People Mover Transit police officers, entered Elias Brothers Big Boy Restaurants' (hereafter defendant) restaurant intending to dine. While being escorted to their table, defendant Darryll Smith,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff Jacqueline K. Burden died before her deposition could be taken and her estate has not been substituted as a party to this action.

[2] The trial court also denied plaintiffs' motion to enter a default judgment with regard to defendant Darryll Smith and dismissed the claim against him with prejudice. That dismissal is not appealed.

an assistant manager of the restaurant, pointed at plaintiffs and stated that they had been in the restaurant on the previous day. When plaintiffs acknowledged that they had been in the restaurant on the previous day, Smith repeatedly and loudly accused them of leaving the restaurant that day without paying for their meals. At the time, there were other patrons in the restaurant whose attention was drawn to plaintiffs. Plaintiff Adrianne Roby informed Smith that he was mistaken and that they had paid their bill. A manager was summoned and made an unsuccessful attempt to get Smith to apologize to plaintiffs. Smith refused, continuing to accuse plaintiffs of leaving the restaurant without paying for their meals. Plaintiffs left the restaurant without dining.

Relying on *Glazer v Lamkin*, 201 Mich App 432; 506 NW2d 570 (1993), defendant moved for summary disposition, arguing that MCL 600.2911; MSA 27A.2911, as amended by 1988 PA 396, § 1 (which, in pertinent part, added subsection 7), required either a showing of economic damages pursuant to subsection 7 or a showing of actual malice pursuant to subsection 2(a). Plaintiffs argued that subsection 7 did not repeal subsection 1 or override prior case law permitting an action for slander per se wherein damages are presumed. The trial court agreed with defendant and found that plaintiffs "presented no evidence which would raise a question of fact as to either the existence of economic damages or the actual malice required to collect non-economic damages."

We review a trial court's decision regarding a motion for summary disposition de novo. *Power Press Sales Co v MSI Battle Creek Stamping*, 238 Mich App 173, 177; 604 NW2d 772 (1999). A motion

under MCR 2.116(C)(10) tests the factual support for a claim. *Id.* The motion may be granted when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ireland v Edwards*, 230 Mich App 607, 613; 584 NW2d 632 (1998). In reviewing the trial court's decision, we must consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, and, giving the benefit of the doubt to the nonmoving party, we must determine whether a genuine issue of material fact exists to warrant a trial. *Power Press, supra; Ireland, supra.* The elements of a cause of action for defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). *Ireland, supra* at 614.

Statutory interpretation is a question of law that is considered de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first step in that determination is to review the specific language of the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the statute is unambiguous on its face, the

Legislature is presumed to have intended the meaning it plainly expressed, and judicial interpretation is neither required nor permissible. *Id.* However, the language of a statute should be read in light of previously established rules of the common law. *B & B Investment Group v Gitler*, 229 Mich App 1, 7; 581 NW2d 17 (1998). Well-settled common-law principles are not to be abolished by implication, and when an ambiguous statute contravenes common law, it must be interpreted so that it makes the least change in the common law. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 652-653; 513 NW2d 799 (1994).

Michigan's defamation statute provides in pertinent part:

> (1) Words imputing a lack of chastity to any female or male are actionable in themselves and subject the person who uttered or published them to a civil action for the slander in the same manner as the uttering or publishing of words imputing the commission of a criminal offense.
>
> (2)(a) Except as provided in subdivision (b), in actions based on libel or slander the plaintiff is entitled to recover only for the actual damages which he or she has suffered in respect to his or her property, business, trade, profession, occupation, or feelings.
>
> *     *     *
>
> (7) An action for libel or slander shall not be brought based upon a communication involving a private individual unless the defamatory falsehood concerns the private individual and was published negligently. Recovery under this provision shall be limited to economic damages including attorney fees. [MCL 600.2911; MSA 27A.2911.]

At common law, words charging the commission of a crime are defamatory per se, and hence, injury to

the reputation of the person defamed is presumed to the extent that the failure to prove damages is not a ground for dismissal. *Sias v General Motors Corp*, 372 Mich 542, 551; 127 NW2d 357 (1964); *Peoples v Detroit Post & Tribune Co*, 54 Mich 457; 20 NW 528 (1884); *Wilkerson v Carlo*, 101 Mich App 629, 632; 300 NW2d 658 (1980). Where defamation per se has occurred, the person defamed is entitled to recover general damages in at least a nominal amount. *Slater v Walter*, 148 Mich 650, 652-653; 112 NW 682 (1907); *Scougale v Sweet*, 124 Mich 311, 323, 325; 82 NW 1061 (1900); *Sias, supra* at 551-552. Where the defamatory publication is "maliciously published," the person defamed may recover "substantial damages" even where no special damages could be shown. *Whittemore v Weiss*, 33 Mich 348, 353 (1876). Whether nominal or substantial, where there is defamation per se, the presumption of general damages is well settled. *McCormick v Hawkins*, 169 Mich 641, 650; 135 NW 1066 (1912); *Clair v Battle Creek Journal Co*, 168 Mich 467, 473-474; 134 NW 443 (1912); *Simons v Burnham*, 102 Mich 189, 204; 60 NW 476 (1894); *In re Thompson*, 162 Bankr 748, 772 (ED Mich, 1993).

MCL 600.2911(1); MSA 27A.2911(1) is the codification of the common-law principle that words imputing a lack of chastity or the commission of a crime constitute defamation per se and are actionable even in the absence of an ability to prove actual or special damages, as evidenced by the statute's indication that such words are "actionable in themselves . . . ." The word "actionable," when used at common law in conjunction with a claim of defamation per se, means that the person defamed may bring a civil action and receive at least nominal damages in the absence of

any proof of actual or special damages. See, e.g., *Sias, supra* at 551-552; *Peoples, supra; Wilkerson, supra* at 632. This meaning ascribed to the word "actionable" by the common law with regard to defamation per se must also be ascribed to the word "actionable" that is found in subsection 1. *Pulver v Dundee Cement Co*, 445 Mich 68, 75-76; 515 NW2d 728 (1994). Accordingly, where a plaintiff brings an action alleging words imputing lack of chastity or commission of a crime under MCL 600.2911(1); MSA 27A.2911(1), the inability to prove damages is not fatal to the claim.

Defendant argues that subsections 2(a) and 7 modify the common law as codified in subsection 1 to the extent that the two defamation actions specifically enumerated in subsection 1 are not actionable in the absence of a showing of either economic damages pursuant to subsection 7 or the actual malice required for noneconomic damages to reputation or feelings pursuant to subsection 2(a). However, such a construction renders subsection 1 nugatory, contrary to the principles of statutory construction. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). If the Legislature intended the two specifically enumerated actions for slander per se set forth in subsection 1 to be governed by the damages restrictions of subsections 2(a) and 7, then the Legislature would have made no specific reference to those actions in MCL 600.2911; MSA 27A.2911. It follows that the specific reference to these two per se actions in the statute is meant to distinguish these actions from other slander actions and to except them from the damage restrictions applicable to other slander actions in subsections 2(a) and 7. *Bradley v*

*Saranac Community Schools Bd of Ed,* 455 Mich 285, 298; 565 NW2d 650 (1997).

Our review of *Glazer, supra,* does not dictate a different result. The issue there was whether the Legislature, in amending the statute by 1988 PA 396, § 1, intended that subsection 2(a) apply only to actions for libel or slander involving *public* plaintiffs; this Court found that it did not. *Glazer, supra* at 435-436. The bankruptcy court stated in *Thompson, supra,* that the *Glazer* Court "purported to reconcile [subsections 2(a) and 7] by interpreting subsection (7) as precluding private plaintiffs from recovering for 'injuries to feelings' absent a showing of actual malice." *Thompson, supra* at 773. The *Glazer* Court, however, ultimately found that the record "contain[ed] no admissible documentary evidence setting forth specific facts showing a genuine issue of material fact that [the] defendant accused [the] *plaintiffs* [as opposed to another]" of the allegations in the complaint. *Glazer, supra* at 439 (emphasis in the original). Arguably, the statutory interpretation therein is dictum. See *Thompson, supra* at 773. In any event, we have determined that the two actions for defamation per se as set forth in subsection 1 are, unlike other defamation actions, not subject to the damages restrictions of subsections 2(a) and 7.

In this case, plaintiffs alleged defamation per se, the damages for which are presumed, and the trial court erred in granting summary disposition to defendant with regard to the issue of damages.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.