# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 10, 2015

150014

SCOTT BOUIS,
    Plaintiff-Appellant,

v

JENNIFER JO MUELLER,
    Defendant-Appellee.
_____/

SC: 150014
COA: 321157
Clinton CC: 13-011111-NZ

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

On order of the Court, the application for leave to appeal the August 4, 2014 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying plaintiff's application for leave to appeal and instead would remand to the trial court for further consideration of plaintiff's claim of defamation. In my judgment, neither the trial court nor the Court of Appeals has accorded plaintiff his full day in court on this claim.

The two parties have been engaged in a dispute concerning whether on their second date plaintiff sexually assaulted defendant. On their first date four days earlier, the parties had engaged in consensual sexual relations. The prosecutor declined to charge plaintiff, although defendant did obtain a personal protection order against plaintiff arising from repeated text messages disputing her allegations.

Plaintiff eventually sued defendant for defamation arising out of her statements to investigators and friends alleging the sexual assault. After discovery, the trial court granted summary disposition in defendant's favor, ruling that defendant's allegations made to the police and prosecutors were protected by either absolute or qualified privilege, or both. I agree with this decision. However, the trial court failed to address the merits of the defamation action arising from defendant's nonprivileged statements to her friends, and the Court of Appeals denied leave to appeal.

"At common law, words charging the commission of a crime are defamatory per se, and hence, injury to the reputation of the person defamed is presumed to the extent

that the failure to prove damages is not a ground for dismissal." *Burden v Elias Bros Big Boy Restaurants*, 240 Mich App 723, 727-728 (2000). "Where defamation per se has occurred, the person defamed is entitled to recover general damages in at least a nominal amount." *Id*. at 728. Furthermore, and particularly relevant to this case, a plaintiff can sustain a defamation action when the alleged defamatory communication can be shown with sufficient particularity to be "of and concerning the plaintiff." See *Weiss v Whittemore*, 28 Mich 366, 371-372 (1873) (stating that facts describing the plaintiff as "the agent for the sale of the Steinway pianos" were "sufficient to lay the foundation for the allegation that the words were published of and concerning the plaintiff in respect to his said business").

Defendant's alleged communications to friends that she had been sexually assaulted potentially constituted defamation per se because they charged plaintiff with the commission of a crime. Although plaintiff was denied an opportunity to depose defendant's friends before the trial court granted summary disposition, there is evidence that they were told by defendant that she had been sexually assaulted by plaintiff. One of these individuals, "a trusted male friend," later served the personal protection order on plaintiff. At the time these communications first occurred, defendant had knowledge only of plaintiff's first name, his status as a law student temporarily on leave from school, and the location of the apartment complex where he lived and to where the parties had proceeded on their second date. Those communications, if they can be established, seem sufficient to establish that they were "of and concerning" plaintiff because a simple investigation could have uncovered, and indeed did shortly thereafter uncover, plaintiff's identity.

To be quite clear, I have no idea what did or did not occur on the parties' second date, and there has been no judicial determination of any kind in this regard. All that I do know is that plaintiff is not prepared to drop this matter. He has filed a civil lawsuit alleging defamation, and he has apparently set forth the prerequisites for proceeding with such a lawsuit. If so, plaintiff is entitled to judicial consideration and resolution of the aspects of his claim that concern nonprivileged communications. One cannot under the law engage in a sexual assault, and one cannot under the law falsely accuse another of engaging in a sexual assault. I would remand this case to the trial court for further proceedings.

MCCORMACK and BERNSTEIN, JJ., join the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 10, 2015



Clerk

t0407