*In re* TOTH

Docket Nos. 189176, 189203, 189810. Submitted April 10, 1997, at Lansing. Decided January 27, 1998, at 9:05 A.M. Leave to appeal denied, 457 Mich ___.

David Toth, Sr., petitioned the Montcalm Circuit Court for physical custody of David Toth, Jr., his biological son, who was in the custody of Barbara Toth, the child's paternal grandmother. Barbara Toth intervened to seek grandparent visitation rights. Frank and Wanda Toth, husband and wife and paternal grandfather and maternal grandmother of the child, respectively, intervened and made their own request for custody of the child. Following a trial, the court, James K. Nichols, J., granted custody to Frank and Wanda Toth and visitation rights to Barbara Toth. Barbara Toth appealed. The Court of Appeals, McDONALD, P.J., and MacKENZIE and TAYLOR, JJ., in an unpublished opinion per curiam, issued December 8, 1993 (Docket No. 158467), affirmed, holding that Barbara Toth lacked standing to challenge the custody order.

David Toth, Sr., and Brandi Sanson, the child's biological mother, filed in the Mecosta County Probate Court their consent to adoption of the child by Frank and Wanda Toth. The probate court, Lavail E. Hull, J., granted Frank and Wanda Toth's petition for adoption after denying Barbara Toth's motion to intervene in the proceeding and for a stay of proceedings and denying Barbara Toth's petition for adoption.

The circuit court, which had appointed a guardian ad litem for the child while the matter proceeded in the probate court, terminated the visitation rights of Barbara Toth and the appointment of the guardian ad litem upon the child's adoption by Frank and Wanda Toth.

Barbara Toth and the guardian ad litem appealed from the probate court and circuit court orders, and the appeals were consolidated.

The Court of Appeals *held*:

1. The circuit court did not err in declining to stay the adoption proceeding in the probate court and assume full jurisdiction of the matter. The two courts had concurrent jurisdiction over the child. The probate court was not required to obtain a waiver of jurisdic-

tion by the circuit court before exercising its own jurisdiction, and there is no statute that requires the circuit court to assume full jurisdiction under the circumstances of this case.

2. The circuit court did not err in terminating the visitation rights of Barbara Toth upon the probate court's confirmation of the child's adoption. The Michigan adoption scheme expresses a policy of severing, at law, the prior, natural family relationship and creating a new and complete substitute relationship after adoption. Once a child has a new, complete family as evidenced by the adoption, the grandparent visitation statute, MCL 722.27b; MSA 25.312(7b), ceases to apply. Continued visitation by Barbara Toth is precluded by the grandparent visitation statute, which provides that a grandparent can seek visitation only if a child custody dispute is pending or if the grandparent's child is deceased.

3. The probate court did not err in determining that Barbara Toth lacked standing to intervene in the adoption proceeding. A grandparent with court-ordered visitation rights is not among those listed in MCL 710.24a(1); MSA 27.3178(555.24a)(1) as interested parties in a petition for adoption. The probate court did not err in refusing to recognize the guardian ad litem during the adoption confirmation proceeding inasmuch as the guardian was not granted specific authority by the circuit court to grant or withhold consent to the child's adoption. The probate court did not abuse its discretion in granting Frank and Wanda Toth's petition for adoption and in denying Barbara Toth's competing petition in light of the investigator's recommendation that Frank and Wanda Toth's petition be approved.

4. The circuit court did not abuse its discretion by dismissing the guardian ad litem upon the probate court's confirmation of the child's adoption. Any reason for the guardian's appointment concluded upon the child's adoption.

Affirmed.

PARENT AND CHILD — ADOPTION — GRANDPARENT VISITATION.

A grandparent with court-ordered visitation rights to a grandchild is not among those listed by the Adoption Code as interested parties in a petition for the child's adoption (MCL 710.24a[1], 722.27b[2]; MSA 27.3178[555.24a][1], 25.312[7b][2]).

*Joanne Vallarelli,* Guardian Ad Litem for David M. Toth, Jr.

*Gerald V. Malling,* for Frank and Wanda Toth.

*Michael A. Mixer*, for Barbara Toth.

Before: M.J. Kelly, P.J., and Wahls and Gage, JJ.

Per Curiam. The two appellants, Barbara Toth and the guardian ad litem to the minor child, appeal as of right from the probate court order confirming the adoption of the child by appellees Frank and Wanda Toth. In addition, appellants appeal as of right from the circuit court orders that (1) denied their respective motions to stay the adoption proceedings and assume full jurisdiction of the case, (2) dismissed the guardian ad litem, and (3) terminated the prior visitation order.

This case involves what appears to be an issue of first impression in Michigan: the right of a grandparent with court-ordered visitation to intervene in adoption proceedings pursuant to MCL 710.24a(1); MSA 27.3178(555.24a)(1). We find that the appellant grandmother, Barbara Toth, did not have standing to intervene, and we therefore affirm the orders of the probate and circuit courts in that respect.

The facts of this case are unusual. Barbara Toth and Frank Toth, divorced in 1988, are the parents of David Toth, Sr. Frank Toth is currently married to Wanda Toth, who is the mother of Brandi Sanson. David Toth, Sr., and Brandi Sanson are the biological parents of David Michael Toth, Jr., the minor child at issue in the proceedings herein. Frank and Wanda Toth are therefore both the adoptive parents and the child's paternal grandfather and maternal grandmother, respectively. Following his birth on September 5, 1990, the child lived with Barbara Toth, his paternal grandmother, for approximately ten weeks.

From that time forward, the child has lived with Frank and Wanda Toth.

The first case involving the child was filed in the Montcalm Circuit Court in October 1990, when David Toth, Sr., petitioned for physical custody of the child. Barbara Toth intervened in that action, seeking grandparent visitation and consideration for possible placement if the parents of the minor child were deemed unfit. Frank and Wanda Toth later intervened with their own request for custody of the child. Following a trial, the circuit court granted custody to Frank and Wanda Toth and reserved the right to limit or extend Barbara Toth's visitation. Relying on *In re Clausen*, 442 Mich 648, 656; 502 NW2d 649 (1993), and *Bowie v Arder*, 441 Mich 23, 43; 490 NW2d 568 (1992), this Court upheld the circuit court's decision, finding that Barbara Toth had no standing to challenge the custody order. *Toth v Toth*, unpublished opinion per curiam of the Court of Appeals, issued December 8, 1993 (Docket No. 158467).

In April 1993, David Toth, Sr., and Brandi Sanson filed a consent in the Mecosta County Probate Court to Frank and Wanda Toth adopting the child pursuant to MCL 710.43; MSA 27.3178(555.43) and MCL 710.44; MSA 27.3178(555.44). Following the consent, the probate court terminated their parental rights. Frank and Wanda Toth then filed an adoption petition in the probate court. Barbara Toth filed a competing petition, along with a motion to stay the probate court proceedings. During the probate court proceedings, the circuit court had continued to issue visitation orders concerning the child. Moreover, after all parties agreed that it would be in the child's best interests, the circuit court appointed a guardian ad

litem who had been selected and whose fees continued to be paid by Barbara Toth. In July 1995, the probate court granted Frank and Wanda Toth's adoption petition. The circuit court subsequently terminated Barbara Toth's visitation rights and the guardian ad litem's appointment.

I

Barbara Toth and the guardian ad litem first argue that the circuit court erred in declining to stay the adoption proceedings in the probate court and assume full jurisdiction of the case. We disagree. The probate court and the circuit court had concurrent jurisdiction over the minor child. MCR 3.205(A); MCL 722.27(1)(c); MSA 25.312(7)(1)(c), MCL 710.24; MSA 27.3178(555.24). See also *In re DaBaja*, 191 Mich App 281, 288-289; 477 NW2d 148 (1991). The probate court was not required to obtain a waiver of jurisdiction by the circuit court before exercising its own jurisdiction. MCR 3.205; *Krajewski v Krajewski*, 420 Mich 729, 733-734; 362 NW2d 230 (1984); *DaBaja, supra.* There is no statute that requires the circuit court to assume full jurisdiction in such circumstances. The circuit court therefore did not err in declining to do so. Moreover, it is apparent from a reading of the circuit court opinions that the two judges had discussed the case, and the circuit court was comfortable with the confirmation decision.[1]

---

[1] We further note that the Legislature has addressed and resolved this issue for future cases by the creation of the family division of the circuit court, effective January 1, 1998, which will have sole and exclusive jurisdiction over adoption and child custody matters. MCL 600.1021; MSA 27A.1021.

II

Barbara Toth and the guardian ad litem next argue that the circuit court erred in terminating Barbara Toth's visitation with the minor child following the probate court's confirmation of the adoption.[2]

The effect of MCL 710.60(1); MSA 27.3178(555.60)(1) is to make the adopted child, as much as possible, a natural child of the adopting parents, and to make the adopting parents, as much as possible, the natural parents of the child. *Bikos v Nobliski*, 88 Mich App 157, 162; 276 NW2d 541 (1979). The Michigan adoption scheme expresses a policy of severing, at law, the prior, natural family relationship and creating a new and complete substitute relationship after adoption. *Id.* at 162-163; *In re Adams*, 189 Mich App 540, 544-545; 473 NW2d 712 (1991). Once a child has a new, complete family as evidenced by adoption, the grandparent visitation statute, MCL 722.27b; MSA 25.312(7b), ceases to apply. *Bikos, supra.*

Ordinarily, the circuit court's termination of the visitation order would, without question, be proper. In this very unusual instance, however, there seems to be ongoing relationships with all of the child's biological family, except with the paternal grandmother, Barbara Toth. While we sympathize with her desire for continued visitation with the minor child, the language of MCL 722.27b(1); MSA 25.312(7b)(1)— which states that a grandparent can seek visitation only if a child custody dispute is pending or if the grandpar-

---

[2] We note for purposes of this determination that we are not persuaded by Barbara Toth's equal protection arguments. Our only concern is with the best interests of the minor child who is the subject of this litigation.

ent's child is deceased—seems to preclude the option of continued visitation. The circuit court therefore did not err in terminating Barbara Toth's visitation. Furthermore, because a child custody dispute was not pending before the probate court, see MCL 722.27b(2); MSA 25.312(7b)(2); *Frame v Nehls*, 452 Mich 171, 178-179, 180-181; 550 NW2d 739 (1996), the probate court could not have granted Barbara Toth grandparent visitation with the minor child either.

III

In what appears to be an issue of first impression, Barbara Toth also claims that the probate court erred in determining that even though she was a grandparent with court-ordered visitation rights, she did not have standing to intervene in the adoption proceedings. We disagree with her position.

In Michigan, adoption proceedings are governed entirely by statute. *Roberts v Sutton*, 317 Mich 458, 467-468; 27 NW2d 54 (1947). Section 24a(1) of the Adoption Code, MCL 710.24a(1); MSA 27.3178(555.24a)(1), specifically enumerates who is considered an interested party in adoption proceedings:

> (1) Interested parties in a petition for adoption are all of the following:
>
> (a) The petitioner.
>
> (b) The adoptee, if over 14 years of age.
>
> (c) A minor parent, adult parent, or surviving parent of an adoptee, unless 1 or more of the following apply:
>
> (i) The rights of the parent have been terminated by a court of competent jurisdiction.
>
> (ii) A guardian of the adoptee, with specific authority to consent to adoption, has been appointed.

(iii) A guardian of the parent, with specific authority to consent to adoption, has been appointed.

(iv) The rights of the parent have been released.

(v) The parent has consented to the granting of the petition.

(d) The department or a child placing agency to which the adoptee has been, or for purposes of subsection (3) is proposed to be, released or committed by an order of the juvenile division of the probate court.

(e) A parent, guardian, or guardian ad litem of an unemancipated minor parent of the adoptee.

(f) The juvenile division of the probate court with permanent custody of the adoptee.

(g) A court with continuing jurisdiction over the adoptee.

(h) A child placing agency of another state or country that has authority to consent to adoption.

(i) The guardian or guardian ad litem of an interested party.

Section 24a(6) of the Adoption Code also provides, "In the interest of justice, the court may require additional parties to be served." MCL 710.24a(6); MSA 27.3178(555.24a)(6).

In interpreting a statute, courts may not speculate about the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell,* 214 Mich App 304, 310; 543 NW2d 11 (1995). Here, the statute is clear so judicial construction is unnecessary. *Id.* A grandmother, even one with visitation rights, is not enumerated as an interested party in the statute. Accordingly, the probate court correctly determined that Barbara Toth lacked standing to object to the adoption.

Furthermore, although a guardian ad litem had been appointed for the minor child by the circuit court, the guardian ad litem was not granted any spe-

cific authority by the circuit court and certainly was not granted the specific authority to consent to an adoption of the child. Therefore, under the statute, the probate court did not err in its refusal to recognize the authority of the guardian ad litem during the adoption confirmation proceedings.

The probate court also properly refused to consider Barbara Toth's adoption petition. The natural parents of the minor child filed a consent to Frank and Wanda Toth adopting the child in April 1993 pursuant to MCL 710.43; MSA 27.3178(555.43) and MCL 710.44; MSA 27.3178(555.44). All investigations were then directed toward the appropriateness of this placement. Barbara Toth correctly notes that once the parents' rights were terminated, the child became a ward of the court. MCL 710.51(3); MSA 27.3178(555.51)(3). She also is correct in noting that, if the court had found adoption by Frank and Wanda Toth was not in the child's best interests, it could have returned "the child to the parents or original custodian and restore their rights, or make a disposition appropriate for the welfare of the ward . . . by an ex parte order entered in the court." MCL 710.62; MSA 27.3178(555.62). It does not follow, however, that simply because this event could have happened the court was required to accept her petition before making a determination regarding Frank and Wanda Toth's petition.

This Court reviews a probate court's decision to grant or deny a petition for adoption for an abuse of discretion. *In re Kyung Won Kim*, 72 Mich App 85, 88; 249 NW2d 305 (1976). Two investigative reports were prepared in this case, and each addressed the required best interests of the child analysis. MCL 710.22(f); MSA 27.3178(555.22)(f). In both, the inves-

tigator recommended, albeit with some reservations, that the adoption petition be approved. From the reports, the case file, and the circuit court's prior custody opinion, the probate court was very familiar with the history of this case and all parties. The probate court did not abuse its discretion in granting the adoption petition of Frank and Wanda Toth.

IV

Finally, the circuit court did not abuse its discretion by dismissing the guardian ad litem after the probate court confirmed the adoption of the minor child. The guardian ad litem was selected by Barbara Toth, who paid all her fees. She was appointed by the circuit court after a hearing conducted by the circuit court referee during which the other parties somewhat reluctantly agreed that a neutral party acting in the child's best interests might expedite the resolution of these matters. Her authority was never specifically delineated. Once the adoption was final, any reason for the guardian ad litem's appointment was clearly concluded, and her dismissal was therefore appropriate.

Affirmed.