JONES v SLICK

Docket No. 211192. Submitted April 12, 2000, at Detroit. Decided October 10, 2000, at 9:10 A.M.

Sharon and Robert Jones brought an action in the Lenawee Circuit Court against Dennis and Cindy Slick, seeking an order for grandparent visitation. The child involved is the natural daughter of Dennis Slick and Jennifer Slick. Jennifer, the plaintiffs' daughter, died after the birth of the child and Dennis thereafter married Cindy, who then adopted the child. The court, Harvey A. Koselka, J., granted the defendants' motion to dismiss, finding that Cindy's adoption of the child terminated the rights of the plaintiffs to visitation. The plaintiffs appealed.

The Court of Appeals *held*:

1. The express language of MCL 722.27b(1); MSA 25.312(7b)(1) provides that the adoption of a child by a stepparent does not terminate the right of the parents of a deceased natural parent of the adoptee to commence an action for grandparenting time.

2. The effect-of-adoption statute, MCL 710.60; MSA 27.3178(555.60), does not limit the ability of a grandparent to file a complaint seeking grandparenting time to only when an adoption proceeding is still pending.

3. The plain language of MCL 722.27b(1); MSA 25.312(7b)(1), when read in conjunction with MCL 710.60(3); MSA 27.3178(555.60)(3), provides that adoption by a stepparent does not terminate the right of the parents of a deceased parent of the adoptee to commence an action for grandparenting time.

Reversed and remanded.

PARENT AND CHILD — ADOPTION BY STEPPARENT — GRANDPARENT VISITATION.

The plain language of MCL 722.27b(1); MSA 25.312(7b)(1), when read in conjunction with MCL 710.60(3); MSA 27.3178(555.60)(3), provides that adoption by a stepparent does not terminate the right of the parents of a deceased parent of the adoptee to commence an action for grandparenting time.

*Farah Law Office* (by *Asad S. Farah*), for the plaintiffs.

*Henry A. Crudder, III*, for the defendants.

Before: KELLY, P.J., and HOLBROOK, JR., and GRIFFIN, JJ.

GRIFFIN, J. Plaintiffs Sharon and Robert Jones appeal as of right from the April 7, 1998, order of the trial court granting the renewed motion by defendants Dennis and Cindy Slick to dismiss plaintiffs' complaint requesting grandparent visitation. We reverse and remand and hold that under MCL 722.27b(1); MSA 25.312(7b)(1), and MCL 710.60(3); MSA 27.3178(555.60)(3), adoption of a child by a stepparent does not terminate the right of a parent of a deceased natural parent of the adoptee to commence an action for grandparenting time.[1]

I

This case involves a request for grandparent visitation. Caitlyn Slick, now six years of age, is the natural daughter of Dennis Slick and Jennifer Slick. Jennifer Slick, plaintiffs' daughter, died in 1995. Thereafter, Dennis Slick married Cindy Tokarzewski, now known as Cindy Slick. Cindy Slick adopted Caitlyn and the adoption proceedings were finalized on December 9, 1996.

---

[1] The issue of grandparent visitation has received considerable national attention with the recently released decision of the United States Supreme Court in *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000). The effect, if any, of *Troxel* on the viability of Michigan's third-party visitation statutes has yet to be determined by our courts. Because the issue of the arguable unconstitutionality of the statute has not been raised, briefed, or preserved, we chose not to address it. *Williams v Hofley Mfg Co*, 430 Mich 603, 605, n 1; 424 NW2d 278 (1988); *Lumber Village, Inc v Siegler*, 135 Mich App 685, 692; 355 NW2d 654 (1984).

On October 9, 1997, plaintiffs filed a complaint for an order for grandparent visitation pursuant to MCL 722.27b; MSA 25.312(7b). The complaint noted that MCL 722.27b(1); MSA 25.312(7b)(1) provides that "[i]f a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for grandparenting time. Adoption of the child by a stepparent . . . does not terminate the right of a parent of the deceased person to commence an action for grandparenting time." Defendants filed a motion to dismiss the complaint, alleging lack of subject-matter jurisdiction and claiming plaintiffs lacked standing to bring the instant action. Following a hearing on November 24, 1997, the trial court, after hearing oral argument, took the matter under advisement. In an order entered on December 12, 1997, the trial court denied the motion.

On March 12, 1998, defendants filed a renewed motion to dismiss the complaint, relying on the newly released decision *In re Toth*, 227 Mich App 548, 553; 577 NW2d 111 (1998), for the proposition that pursuant to the effect-of-adoption statute, MCL 710.60(1); MSA 27.3178(555.60)(1), once a child acquires a new family through adoption, the grandparent visitation statute, MCL 722.27b; MSA 25.312(7b), ceases to apply. (See subsequent discussion.) In an order entered on April 7, 1998, the trial court granted the renewed motion to dismiss, stating "[t]he court has reconsidered its earlier opinion in this matter and has determined that an immediate adoption of a child terminates the rights of the birth parent and the birth parent's parents to parenting time." Plaintiffs now appeal.

II

Defendants' renewed motion to dismiss alleged the trial court's lack of subject-matter jurisdiction and plaintiffs' lack of standing. This Court reviews the grant or denial of a motion for summary disposition de novo. *Burden v Elias Bros Big Boy Restaurants*, 240 Mich App 723, 725; 613 NW2d 378 (2000). When reviewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law or whether the affidavits and other proofs show there was no genuine issue of material fact. *Steele v Dep't of Corrections*, 215 Mich App 710, 712; 546 NW2d 725 (1996). Whether subject-matter jurisdiction exists is a question of law. *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties. *Dep't of Social Services v Baayoun*, 204 Mich App 170, 173; 514 NW2d 522 (1994). This Court reviews the trial court's ruling de novo and examines the entire record to determine whether the defendant is entitled to judgment as a matter of law. *Id.*

Plaintiffs contend on appeal the trial court erred in granting defendants' motion for summary disposition and dismissing plaintiffs' complaint requesting grandparent visitation. Plaintiffs assert the adoption of a child by a stepparent does not terminate the right of the parent of a deceased natural parent of the adoptee to commence an action for grandparenting

time. We agree. Plaintiffs' argument implicates two statutes and thus requires interpretation of the relevant statutory provisions. Statutory interpretation is a question of law which is reviewed de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). Our principal goal in construing these statutes is to ascertain the intent of the Legislature:

> In determining intent, this Court first looks at the specific language of the statute. If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted, unless a literal construction of the statute would produce unreasonable and unjust results inconsistent with the purpose of the statute. In construing statutes, the court should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. Statutes that relate to the same subject or share a common purpose are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. [*Ypsilanti Housing Comm v O'Day*, 240 Mich App 621, 624-625; 618 NW2d 18 (2000) (citations omitted).]

The first statute, MCL 722.27b(1); MSA 25.312(7b)(1) (hereinafter subsection 7b[1]), provides:

> Except as provided in this subsection, a grandparent of the child may seek an order for grandparenting time in the manner set forth in this section only if a child custody dispute with respect to that child is pending before the court. *If a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for grandparenting time. Adoption of the child by a stepparent under chapter X of Act No. 288 of the Public Acts of 1939, being sections 710.21 to 710.70 of the Michigan Compiled Laws, does not terminate the right of a parent of*

*the deceased person to commence an action for grandparenting time.* [Emphasis added.]

The Legislature is presumed to have intended the meaning it plainly expressed in the specific language of a statute. *Nation v W D E Electric Co,* 454 Mich 489, 494; 563 NW2d 233 (1997). The express language of subsection 7b(1) clearly and unambiguously provides that adoption by a stepparent *"does not terminate* the right" of the parent of a deceased parent of the adoptee "to *commence* an action for grandparenting time." [Emphasis added.]

The second applicable statute, commonly referred to as the effect-of-adoption statute, MCL 710.60; MSA 27.3178(555.60) (hereinafter § 60), states:

(1) After the entry of the order of adoption, the adoptee shall, in case of a change of name, be known and called by the new name. The person or persons adopting the adoptee then stand in the place of a parent or parents to the adoptee in law in all respects as though the adopted person had been born to the adopting parents and are liable for all the duties and entitled to all the rights of parents.

\*        \*        \*

(3) *This section does not prohibit the entry of an order for grandparenting time under section 7b of the child custody act of 1970, Act No. 91 of the Public Acts of 1970, being section 722.27b of the Michigan Compiled Laws. During the pendency of a stepparent adoption proceeding, a parent of a natural parent may seek an order for grandparenting time of the adoptee in the same manner as set forth in section 7b of Act No. 91 of the Public Acts of 1970, and the judge shall proceed in the same manner as is provided in section 7b of Act No. 91 of the Public Acts of 1970.* [Emphasis added.]

Although subsection 60(3) provides that a parent of a natural parent of the potential adoptee may seek an order for grandparenting time during the *pendency* of an adoption proceeding and provides the complaint is to be heard in the same manner as a complaint filed pursuant to subsection 7b, we do not construe this statutory language as limiting the ability of a grandparent to file a complaint seeking grandparenting time only when an adoption proceeding is still pending. Reading subsection 60(3) and subsection 7b(1) together, *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998); *Ypsilanti Housing Comm*, *supra* at 625, we conclude a parent of a deceased natural parent of an adoptee has the right to commence an action for grandparenting time even after the adoption has been consummated.

Our conclusion in this regard differs from that of the trial court, which apparently relied on *Toth*, *supra*, to reach a contrary result. We find the *Toth* decision to be factually distinguishable and its rationale, to the extent it depends on *Bikos v Nobliski*, 88 Mich App 157; 276 NW2d 541 (1979), to be flawed.

As the *Toth* Court noted, *supra* at 550, the facts underlying that case were "unusual": the biological parents consented to the adoption of the minor child by Frank Toth, the paternal grandfather, and his second wife Wanda Toth, the maternal grandmother. Barbara Toth, the paternal grandmother and Frank Toth's first wife, objected and filed a competing petition for adoption. The probate court ultimately granted Frank and Wanda Toth's adoption petition, and Barbara Toth's visitation rights were then terminated. Among other issues raised by Barbara Toth on appeal, this Court, *id.* at 553-554, addressed the question whether

the trial court erred in terminating her visitation with the minor child following the probate court's confirmation of adoption:

> The effect of MCL 710.60(1); MSA 27.3178(555.60)(1) is to make the adopted child, as much as possible, a natural child of the adopting parents, and to make the adopting parents, as much as possible, the natural parents of the child. *Bikos v Nobliski,* 88 Mich App 157, 162; 276 NW2d 541 (1979). *The Michigan adoption scheme expresses a policy of severing, at law, the prior, natural family relationship and creating a new and complete substitute relationship after adoption. Id. at 162-163; In re Adams, 189 Mich App 540, 544-545; 473 NW2d 712 (1991). Once a child has a new, complete family as evidenced by adoption, the grandparent visitation statute, MCL 722.27b; MSA 25.312(7b), ceases to apply. Bikos, supra.*
>
> Ordinarily, the circuit court's termination of the visitation order would, without question, be proper. In this very unusual instance, however, there seems to be ongoing relationships with all of the child's biological family, except with the paternal grandmother, Barbara Toth. While we sympathize with her desire for continued visitation with the minor child, *the language of MCL 722.27b(1); MSA 25.312(7b)(1)—which states that a grandparent can seek visitation only if a child custody dispute is pending or if the grandparent's child is deceased—seems to preclude the option of continued visitation.* The circuit court therefore did not err in terminating Barbara Toth's visitation. [Emphasis added.]

Because the request for grandparent visitation in *Toth* was prompted by neither a pending child custody dispute nor, pertinent to the present appeal, the death of a natural parent and subsequent adoption by a stepparent, the *Toth* Court properly recognized under those circumstances that grandparent visitation was precluded by the statutory language of subsection 7b(1). Unlike the case at hand, the issue of visita-

tion in *Toth* did not involve or require an analysis of the second and third sentences of subsection 7b(1). Thus, on the basis of the facts alone, *Toth* is distinguishable.

Moreover, to the extent that the *Toth* Court relied on *Bikos, supra,* and the holding therein—that once a child has a new, complete family as evidenced by adoption, the grandparent visitation statute ceases to apply—to reinforce its conclusion that Barbara Toth was not entitled to grandparent visitation, we conclude such reasoning was defective.

In *Bikos,* the father of two children remarried after the natural mother died. After the father's new wife adopted the children, the natural maternal grandmother of the children brought suit under the grandparent visitation statute, claiming interference with her visitation rights to the children. When the trial court ordered visitation, the children's father appealed to this Court, which held that the adoption of the children by their stepmother terminated the natural maternal grandmother's cause of action under the grandparent visitation statute. The *Bikos* Court, *supra* at 163, interpreted the versions of the grandparent visitation and effect-of-adoption statutes then in effect and concluded:

> Our reading of the grandparent-visitation statute [MCL 722.27a; MSA 25.312(7a)] in conjunction with the effect-of-adoption statute [MCL 710.60; MSA 27.3178(555.60)] leads us to conclude that once the stepparent adopts the child, the grandparent-visitation statute ceases to apply. The Legislature did not have to expressly exempt adoption situations, as the lower court concluded, if it did not want the visitation statute to apply to cases such as the one at bar. The interplay of the Michigan adoption and visitation statutes already accomplishes this.

Under the visitation statute a grandparent may request visitation where the grandchild's parent (the grandparent's child) is deceased. But once a child is adopted, the child has a parent. The adopting parent becomes the natural parent of the child "in law in all respects." Hence, the condition of the visitation statute that the child's parent be deceased is not present as a matter of law, and the natural grandparent has no standing under the statute.

The *Toth* Court's reliance on *Bikos* was erroneous because after the decision in *Bikos*, and in apparent response to it, the Legislature substantially amended both the grandparent visitation and effect-of-adoption statutes on which the *Bikos* Court based its decision. See 1980 PA 161 and 1980 PA 116.

A detailed and persuasive analysis of the 1980 legislative changes and the relationship of these amendments to the *Bikos* decision is contained in OAG, 1981-1982, No 5903, pp 193, 197-199 (May 15, 1981), in which the Attorney General concluded:

Amendments to the grandparent-visitation statute (by 1980 PA 161), and the effect-of-adoption statute (by 1980 PA 116) indicate that the Legislature intended to change the statutes upon which the Court in *Bikos, supra*, grounded its decision to the effect that "once the stepparent adopts the child, the grandparent-visitation statute ceases to apply." 88 Mich App 157, 163, *supra*. . . .

\*          \*          \*

It is my opinion, therefore, that where:

(1) there are children of a marriage where either parent is deceased and where such parent's rights have not been voluntarily or judicially terminated in the lifetime of the parent; and

(2) the surviving spouse has remarried and the new wife or husband having adopted the children, the grandparents of the deceased parent's children may seek grandparental

visitation rights. Such visitation rights must be granted or denied on the basis of the best interests of the child, and if such visitation rights are denied, the court shall make a record of such denial.

This opinion of the Attorney General constitutes persuasive authority supporting our conclusion that *Bikos* has been effectively superseded by subsequent legislative enactments. *Macomb Co Prosecutor v Murphy*, 233 Mich App 372, 382; 592 NW2d 745 (1999); *Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 274; 539 NW2d 574 (1995). Of primary significance to the present case is the fact that *Bikos* was decided before the enactment of both subsection 3 of § 60, added (subject to subsequent nonsubstantive amendment) by 1982 PA 341, and § 7b, added by 1982 PA 340, both effective December 17, 1982. Consequently, the import of *Bikos* has been preempted by subsequent legislation, a development overlooked by the *Toth* Court in its discussion of and reliance on that case.

In sum, we conclude that the trial court's reliance on *Toth* was misplaced under the present circumstances. The plain language of MCL 722.27b(1); MSA 25.312(7b)(1), when read in conjunction with MCL 710.60(3); MSA 27.3178(555.60)(3), provides that adoption by a stepparent "does not terminate the right" of the parent of a deceased parent of the adoptee "to commence an action for grandparenting time." We therefore reverse the order of the trial court granting defendants' motion for summary disposition and dismissing plaintiffs' complaint requesting grandparent visitation and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.