*In re* HANDORF

Docket No. 290101. Submitted August 11, 2009, at Detroit. Decided
August 18, 2009, at 9:10 a.m.

Joseph and Margo Eby, who are the guardians of Brandon Handorf,
filed a motion in the Livingston County Probate Court for author-
ity to consent to their own adoption of Brandon. Brandon's legal
father, Eric J. Labo, was amenable to the adoption, but Brandon's
mother, Monica G. Labo, was not. The court, Carol Hackett
Garagiola, J., denied the motion, ruling that it could only grant the
Ebys' motion if the parental rights of the Labos were terminated
first or the Labos consented. The court certified the order under
MCR 5.801(F) as involving a controlling question of law for which
a direct appeal to the Court of Appeals might materially advance
the ultimate termination of the litigation. The Court of Appeals
granted the Ebys leave to appeal.

The Court of Appeals *held*:

The probate court properly denied the motion. The first step in
the adoption process is ensuring that the child is freed for
adoption. Absent parental consent, the first prerequisite for adop-
tion is termination of the parental rights of the child's parents.
Until termination takes place, consideration of MCL 710.43 and
MCL 700.5215(e), which permit guardians to consent to their
wards' adoption, is premature.

Affirmed and remanded for further proceedings.

ADOPTION — GUARDIAN AND WARD — CONSENT TO ADOPTION BY GUARDIANS —
TERMINATION OF PARENTAL RIGHTS.

Before a guardian may consent to the adoption of his or her ward,
the parents of the ward must consent to the adoption or their
parental rights must be terminated (MCL 700.5215[e], 710.41[1],
710.43[1][e] and [5]).

*Monica J. Copeland* for Joseph and Margo Eby.

Before: CAVANAGH, P.J., and MARKEY and DAVIS, JJ.

DAVIS, J. Petitioners, Joseph and Margo Eby, appeal by leave granted an order denying their motion to allow them to consent—as the guardians of Brandon Gavin Handorf—to their own adoption of Brandon. Respondents, Monica Grace Labo and Eric James Labo, are Brandon's biological mother and legal father. We affirm and remand for any further proceedings the probate court determines are necessary or appropriate.

Brandon was born while Monica was incarcerated. He was placed with petitioners three days later. Petitioners were initially made temporary guardians over Monica's objection, and they were eventually appointed as full guardians. The probate court ordered a court-structured plan to reintegrate Brandon with respondents. Monica was required to comply with several conditions, including regular drug testing, obtaining stable housing and employment, and participating in counseling. Eric had no contact with Brandon, and although Monica initially made regular contact, she began missing appointments. Monica generally failed to fulfill the requirements. The court asked the Department of Human Services to investigate termination proceedings, but the department did not do so. Meanwhile, Brandon did well in petitioners' custody.

Petitioners eventually sought to adopt Brandon. Eric was apparently amenable to this and, indeed, desired no contact with Brandon and wished to be released from any parental obligations. Monica was not amenable. Petitioners moved to be granted the authority, as Brandon's guardians, to consent to their own adoption of Brandon. The probate court considered the matter and concluded, correctly, that it could only grant petitioners' request if the parental rights of Brandon's parents were first terminated. The probate court further concluded that unless Brandon's parents consented, it

lacked the authority under the guardianship statutes to grant petitioners' motion. The probate court certified this order under MCR 5.801(F), and this Court granted leave to appeal.

We initially note that there is no published authority in Michigan directly on point, and the unpublished opinions from this Court are in conflict.[1] In *In re Partello*, unpublished opinion per curiam of the Court of Appeals, issued September 15, 1998 (Docket No. 202757), the petitioner, Christina Partello, gave birth to a child at the age of 16, consented to having her mother, Sandra Waukazoo, appointed as the child's guardian, and proceeded to generally fail to act as a competent parent. Five years later, Partello petitioned the probate court for an order to terminate the guardianship, and Waukazoo petitioned the probate court for an order granting her the authority to consent to the child's adoption by another couple, the Smiths. The probate court denied the motion to terminate the guardianship. After observing that the order granting authority to consent to the adoption would have the effect of terminating Partello's parental rights, the probate court found that doing so was in the child's best interests and granted Waukazoo's petition. A panel of this Court affirmed, observing that the evidence clearly supported the probate court's determination that termination was appropriate. Conversely, however, in *In re Blaylock*, unpublished memorandum opinion of the Court of Appeals, issued December 28, 2001 (Docket No. 234755), another panel of this Court held that the guardians did not have the power to consent to the adoption of their ward, nor could they carry out that adoption, without

---

[1] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1).

the consent of the parents "or tak[ing] the steps necessary to obtain the termination of their parental rights." We agree with and adopt the holding of *Blaylock*.

Petitioners argue that guardians may consent to adoptions of their wards. This assertion is generally correct, subject to authorization by the court and the requirements of MCL 710.44 and MCL 710.51. See MCL 710.43(1)(e) and (5). However, the "first step in the adoption process is ensuring the child is freed for adoption." Michigan Judicial Institute, Adoption Proceedings Benchbook 2003-2008, p 2-2.[2] Subject to exceptions not at issue here,

> a child shall not be placed in a home for the purpose of adoption until an order terminating parental rights has been entered pursuant to [the Michigan Adoption Code, MCL 710.21 *et seq.*] or [the Michigan juvenile code, MCL 712A.1 *et seq.*] and the court has formally approved placement under [MCL 710.51]. [MCL 710.41(1).]

Unless there is parental consent[3] to the adoption, an adoption petition must be accompanied by, among other things, "a copy of each release[4] or order terminating parental rights over the child having a bearing upon the authority of a person to execute the consent to adoption." MCL 710.26(1)(a).

Therefore, we agree with the probate court's conclusion that the *first* prerequisite for adoption is termination of the parental rights of the child's parents (in the

---

[2] Available online at <http://courts.michigan.gov/mji/resources/adoption/adoption.htm>.

[3] " 'Consent' means a document in which all parental rights over a specific child are voluntarily relinquished to the court for placement with a specific adoptive parent." MCL 710.22(*l*).

[4] " 'Release' means a document in which all parental rights over a specific child are voluntarily relinquished to the department or to a child placing agency." MCL 710.22(u).

absence of the parent's or parents' consent). This is consistent with the purpose of adoption in Michigan, which is "severing, at law, the prior, natural family relationships and creating a new and complete substitute relationship after adoption." *Bikos v Nobliski*, 88 Mich App 157, 165; 276 NW2d 541 (1979), superseded on other grounds as discussed in *Jones v Slick*, 242 Mich App 715, 723-725; 619 NW2d 733 (2000). Until that termination takes place, consent to the *adoption* is irrelevant because the child is not available for adoption. We do not find any provision in the Michigan Adoption Code under which a guardian may simply agree to the termination of parents' parental rights.[5] As a consequence, any consideration or application of the language in MCL 710.43 and MCL 700.5215(e) permitting guardians to consent to their wards' adoption is premature.

The probate court properly denied petitioners' motion upon its correct determination that Brandon had not been freed for adoption because the parental rights of Brandon's parents had not been terminated. We therefore affirm, and we remand the matter to the probate court for any further proceedings that the probate court determines are necessary or appropriate. We do not retain jurisdiction.

---

[5] A guardian may release a child with the authorization of the court. MCL 710.28(1)(d) and (3). But because that release may "be given only to a child placing agency or to the department," MCL 710.28(5), those provisions are irrelevant in the instant matter.