# STATE OF MICHIGAN

# COURT OF APPEALS

In re Conservatorship of SHIRLEY BITTNER.

STACEY BITTNER, Conservator for SHIRLEY
BITTNER,

Plaintiff-Appellant,

v

SUZANNE BITTNER-KORBUS,

Defendant-Appellee.

UNPUBLISHED
October 26, 2017

No. 333137
Macomb Circuit Court
LC No. 2015-003147-CZ

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Stacey Bittner, substituting for the now deceased original plaintiff, Shirley Bittner, appeals by right the trial court's order granting summary disposition in favor of defendant. This matter arises out of a conversion claim pursued by Shirley against defendant, who is one of Shirley's daughters, asserting that defendant had converted money and property while acting as an attorney-in-fact and co-trustee to Shirley's living trust. The trial court granted summary disposition on the finding that "[t]he lawsuit itself is premature" in the circuit court "for the reasons, the arguments made by the defense in their brief and oral argument." Those arguments broadly pertained to an ongoing question in the probate court whether Shirley was competent or in need of a conservator. We reverse and remand.

This matter has been before this Court previously, albeit on appeal from a parallel proceeding in the probate court. In relevant part, we stated:

Shirley Bittner [was] 74 years old. For convenience and clarity, in the balance of this opinion we will use her first name. We refer to her three daughters, Suzanne Bittner–Korbus, Shirleen Vencleave, and Stacey Bittner, as Suzanne, Shirleen, and Stacey.

Shirley's husband of more than fifty years passed away in October 2011. Stanley Bittner had single-handedly managed the couple's financial affairs. Newly widowed, Shirley developed serious health problems that required surgery,

-1-

medications, and a temporary stay in a nursing home. She emerged from this ordeal with some confusion. Shirley decided to entrust the management of her finances to Suzanne [defendant in this matter], and granted Suzanne a durable power of attorney. Shirley revised her living trust to designate Suzanne as a co-trustee with authority to act independently.

In June 2013, Shirley petitioned the probate court for an accounting and a protective order. The petition averred that Suzanne had diverted a considerable amount of Shirley's money to herself, converted many of Shirley's accounts to joint tenancies, and withdrew funds without Shirley's authorization. Shirley revoked Suzanne's power of attorney and co-trustee status, the petition asserted, but Suzanne failed to return all the money she misappropriated and refused to "undo the joint tenancy creations . . . " Shirley demanded an accounting, restoration of her assets, and imposition of a surcharge. In September 2013, the probate court entered a temporary restraining order and authorized discovery.

Two months later, Suzanne filed a petition seeking appointment of a conservator for Shirley. The petition alleged that Shirley was unable to manage her property and business affairs effectively because of mental illness and mental deficiency. In support of this allegation, Suzanne claimed that "Shirley believes that all her money is gone, she is spending time with her daughter Shirleen and her grandson who have previously stolen from her, [and] she does not remember things she did." Suzanne requested that a public administrator act as conservator of Shirley's estate.

Shirley responded to the petition by denying that she needed a conservator and insisting that the petition was "simply a last minute frivolous effort to distract from Petitioner Suzanne Bittner–Korbus' illegal behavior [.]" (Emphasis omitted.) Further, Shirley's answer maintained, the petition lacked any "allegations that Shirley is not managing her assets appropriately or that her management is adversely affected by some 'mental illness.'" [*In re Conservatorship of Bittner*, 312 Mich App 227, 230-231; 879 NW2d 269 (2015).

The probate court ultimately granted the conservatorship petition and appointed Stacey as Shirley's conservator. *Id*. at 234. Acting as conservator, and "[o]n Shirley's behalf, Stacey [appealed] the conservatorship order." *Id*. at 235. Ultimately, on appeal this Court reversed "the order establishing a conservatorship and appointing [Stacey as] conservator, and remand[ed] for further proceedings." *Id*. at 243. This Court reasoned that clear and convincing evidence did not show that Shirley required a conservator or that she was unable to manage her property and business affairs. *Id*. In the instant matter, in the *circuit* court proceeding, Defendant moved to dismiss the matter or transfer it to the probate court, arguing that the circuit court lacked jurisdiction. The circuit court agreed and entered the order presently being appealed.

As an initial matter, Defendant argues that this Court lacks subject matter jurisdiction over the instant appeal because the trial court's order was entered without prejudice; consequently, it is not a "final order" that would confer on this Court jurisdiction over a claimed appeal by right. MCR 7.203(A)(1); MCR 7.202(6)(a). We disagree.

-2-

This Court reviews summary dismissals de novo, and jurisdictional issues de novo as questions of law, pursuant to MCR 2.116(C)(4). *Durcon Co v Detroit Edison Co*, 250 Mich App 553, 556; 655 NW2d 304 (2002). "A challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). Because this issue pertains to *this* Court's subject matter jurisdiction, it could not have been raised at an earlier time in any event. Subject matter jurisdiction is a question of law. *Steiner School v Ann Arbor Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999).

Defendant argues that pursuant to *City of Detroit v State*, 262 Mich App 542; 686 NW2d 514 (2004), a dismissal without prejudice cannot be considered a final order. This is incorrect; that case involved a party stipulating to a partial dismissal for the purpose of manipulating appellate review. *Id*. at 545. This Court noted that the "final judgment rule" was intended by the Supreme Court to eliminate "method[s] of appealing trial court decisions piecemeal . . ." *Id.* This Court has held that an order dismissed without prejudice can be final when it leaves a trial court with nothing to decide. *AG v Blue Cross Blue Shield*, 291 Mich App 64, 76; 810 NW2d 603 (2010). In any event, "[i]n determining jurisdiction, this Cout will look beyond a [party's] choice in labels concerning the p[arty's] claim." *Manning v Amerman*, 229 Mich App 608; 582 NW2d 539, 541 (1998).

Under, MCR 7.202(6)(a)(i), a final order is defined in relevant part as "the final order is the first order that disposes of all of the claims of all of the parties." No matter what the order states on its face, the practical reality is that the order in this case did so. By all appearances, appellant was placed in a "catch-22" situation in which there was no method for her claim to be submitted for judicial review and seek relief. After the circuit court's dismissal, appellant could not refile her claim with the circuit court, until the probate court adjudicated the second conservatorship petition. Yet in order to prevent appellant's claims to be barred from relief, she would have needed to refile her claim during the timeframe in which the probate court was reviewing the petition. Considering the totality of the circumstances, the circuit court's summary dismissal was a final order that "disposed of all the claims of all the parties." This Court has jurisdiction over appellant's appeal by right from the circuit court's dismissal, because the dismissal operated functionally as a final order.

Thus, we consider whether the circuit court erred in dismissing the matter for lack of its own subject matter jurisdiction. Circuit courts are courts of general jurisdiction and therefore by default have subject matter jurisdiction to hear any action, unless exclusive jurisdiction has been vested in a different court. *Bowie v Arder*, 441 Mich 23, 50; 490 NW2d 568 (1992). The probate court has limited jurisdiction, which is set forth by statutes. *D'Allessandro v Ely*, 173 Mich, 788, 794; 434 NW2d 662 (1988). MCL 700.1302(a), MCL 700.1302(b), and MCL 700.1302(c) respectively grant the probate courts exclusive jurisdiction over the estates of decedents, claims concerning trusts, and proceedings that "concern[] a guardianship, conservatorship, or protective proceeding." Additionally, MCL 700.1302(d) provides that a probate court has exclusive jurisdiction over "proceeding[s] [that] require, hear, or settle the accounts of a fiduciary and . . . that concern an estate within the court's jurisdiction." This Court looks to the substance of pleadings rather than the formal names or labels given by the parties. *Hurtford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011).

-3-

Defendant contends that plaintiff substantively pleaded a claim requiring the court to require, hear, and deny the account of defendant as a trustee, which is within the exclusive jurisdiction of the probate court pursuant to MCL 700.1302(d). This is not entirely accurate. Notably, there was a genuine issue of material fact whether the bank accounts were owned solely by Shirley, or whether the accounts were owned by Shirley's trust. Trial courts are precluded from granting summary dismissal when there is a disputed issue of material fact. *Jones v Slick*, 242 Mich App 715, 718; 619 NW2d 733 (2000). Summary disposition prior to resolving that question of fact was premature.

Furthermore, MCL 700.1302(d) specifies a *fiduciary*. MCL 700.1104 defines "fiduciary" as "a personal representative, funeral representative, guardian, conservator, trustee, plenary guardian, partial guardian [or] successor fiduciary." Although MCL 700.1104 does not specifically define an attorney-in-fact as a "fiduciary," the language of the statute includes "not limited to." An agent with a power of attorney could be interpreted as a fiduciary under the exclusive jurisdiction under MCL 700.1302, *if* it "concern[s] an estate within the court's jurisdiction." Similarly, concerning concurrent jurisdiction, an agent under a power of attorney, MCL 700.1303(1)(j), would fall under probate court jurisdiction, but only if "it is in regard to an estate of a decedent, protected individual, ward or trust." MCL 700.1303(1). Plaintiff sought the return of property and an accounting by Shirley's former agent, defendant, who operated under a power of attorney. However, plaintiff asserts that the disputed funds were in bank accounts solely in Shirley's name, and if true, pursuant to MCL 700.1303(j), the allegations would not concern a trust and the probate court would lack concurrent jurisdiction. Defendant claims the funds in dispute concerned trustee fees from preserving assets of Shirley's trust.

There was not an established conservatorship over Shirley, which would classify her as a "protected person." A pending petition for conservatorship does not constitute an *established and valid* conservatorship. Therefore, plaintiff's claim was not regarding "an estate of a . . . protected person," under MCL 700.1303(1). If Shirley's assets were not connected to her trust, in accordance with MCL 700.1302(d) and MCL1301(1)(j), the probate court did not have exclusive or concurrent jurisdiction, regardless of a pending conservatorship petition.

We do not necessarily hold that summary disposition could not at some point be deemed proper, but we hold that it was here granted prematurely. Therefore, we reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause