*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

D. ETTA WILCOXON,

        Plaintiff-Appellant,

v

MICHAEL DUGGAN and CITY OF DETROIT,

        Defendants-Appellees.

UNPUBLISHED
March 18, 2026
11:51 AM

No. 373891
Wayne Circuit Court
LC No. 24-011462-CZ

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

In this action for declaratory and injunctive relief, plaintiff appeals as of right an order granting defendants' motion for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). On appeal, plaintiff argues, as she has since filing suit, that the Detroit City Council ("Detroit") lacked the enabling authority to combine public and private streets, and adjacent properties, into one special assessment district (SAD) in this matter, and the Tax Tribunal does not have exclusive jurisdiction to determine the extent of Detroit's authority in this regard. We conclude that the Tax Tribunal has exclusive jurisdiction and, therefore, affirm the circuit court.

## I. FACTS AND PROCEDURAL HISTORY

On November 15, 2023, Detroit adopted a resolution renewing the SAD at issue, which encompasses streets and roads in the area commonly known as the Detroit Golf Club Subdivision. The resolution renewed the SAD for seven years and provides funding for snow removal, mosquito abatement, and security services. In all, the SAD and the subdivision is comprised of two private streets, Fairway Drive and Hamilton Road, and two public streets, Pontchartrain Boulevard and McNichols Road.[1]

---

[1] The complaint alleges that the subdivision includes a portion of Seven Mile Road as well.

After Detroit renewed the SAD, plaintiff, apparently a resident of the subdivision, filed a complaint in Wayne Circuit Court seeking declaratory and injunctive relief to the effect that the city did not have the enabling authority to form the SAD as it "compel[s] the residents whose property abuts [sic] City roads/streets to assume the responsibility for the requisites of MCL 117.5i for the private road/streets that the City of Detroit has no responsibility to provide initial services, let alone the 'additional services' which are spelled out in MCL 117.5i."[2]  Plaintiff alleged, in relevant part:

> [T]hose residents of the Detroit Golf Club subdivision who inhabit the public roads/streets, are provided with snow removal, mosquito abatement and police protection on said public/roads streets by the City of Detroit.  Therefore, the property owners whose property abuts the City's public roads/streets are *not* receiving any *"additional services"* of snow removal, mosquito abatement or police protection as these services are provided on the public roads/streets without the installation of a Special Assessment District.  [Emphasis in original.]

Simply put, plaintiff asserts that property owners abutting public roads should not be subject to the special assessment—or that Detroit lacked the authority to apply the special assessment to them—because those owners already were receiving snow removal, mosquito abatement, and security services from Detroit, such that those owners would not receive any additional benefit from paying the special assessment.

Defendants filed a special appearance and moved for summary disposition under MCR 2.116(C)(4), arguing that the circuit court should dismiss plaintiff's complaint because the Tax Tribunal has exclusive jurisdiction over challenges to the validity of a SAD.  At the motion hearing, the circuit court granted defendants' motion for summary disposition, reasoning that plaintiff's complaint involves a direct challenge to the SAD's validity, which falls within the Tax Tribunal's exclusive jurisdiction.

Plaintiff now appeals.

## II.  ANALYSIS

### A.  STANDARD OF REVIEW

---

[2] MCL 117.5i(1) of the Home Rule City Act, MCL 117.1 *et seq*., provides:

> Whether or not authorized by its charter, a city with a population of more than 600,000 may provide by ordinance a procedure to finance by special assessments the provision by private contractors of snow removal from streets, mosquito abatement, and security services.  The ordinance shall authorize the use of petitions to initiate the establishment of a special assessment district.  The record owners of not less than 51% of the land comprising the actual special assessment district must have signed the petitions.

Plaintiff challenges the circuit court's decision to dismiss this case for lack of subject-matter jurisdiction. We review de novo questions of subject-matter jurisdiction. *Sierra Club Mackinac Chapter v Dep't of Environmental Quality*, 277 Mich App 531, 544; 747 NW2d 321 (2008). A circuit court's decision to grant summary disposition also is reviewed de novo. *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 146; 829 NW2d 299 (2012). Under MCR 2.116(C)(4), summary disposition is proper "when the court lacks subject-matter jurisdiction." *Id.* at 146-147. "When reviewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law . . . ." *Jones v Slick*, 242 Mich App 715, 718; 619 NW2d 733 (2000). "We review underlying questions of statutory interpretation de novo as well." *Ashley*, 299 Mich App at 147.

## B. LAW AND APPLICATION

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605.[3] However, under MCL 205.731(a) of the Tax Tribunal Act, MCL 205.701 *et seq.*, the Tax Tribunal has "exclusive and original jurisdiction" over "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." The phrase "under the property tax laws" in MCL 205.731(a) broadly includes "special assessments levied pursuant to statutes, municipal charters and ordinances." *Wikman v City of Novi*, 413 Mich 617, 637; 322 NW2d 103 (1982). Thus, for example, in *Wikman*, our Supreme Court concluded that the Tax Tribunal had exclusive jurisdiction over a case involving a challenge to special assessments "levied pursuant to a home-rule city's charter." *Id*.

Later, in *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46; 832 NW2d 728 (2013), the Court explained that under MCL 205.731(a), four elements must be satisfied for the Tax Tribunal to have exclusive jurisdiction:

> (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the [Tax Tribunal's] jurisdiction is both original and exclusive. [*Id*. at 53.]

In the matter before us, all four elements are satisfied. As to the first and second elements, plaintiff seeks to initiate a proceeding for direct review of Detroit's November 15, 2023 resolution which, according to plaintiff, renewed the SAD for seven years to provide the subdivision funding for snow removal, mosquito abatement, and security services. See MCL 117.5i. When a city council exercises its authority to levy a SAD for the cost of a public improvement, the city council is an "agency" that is "empowered to make a decision subject to review by the tribunal." *Edros*

---

[3] See also Const 1963, art 6, § 13 ("The circuit court shall have original jurisdiction in all matters not prohibited by law . . . .").

*Corp v City of Port Huron*, 78 Mich App 273, 277; 259 NW2d 456 (1977), citing MCL 205.703. Further, there is nothing in the record to suggest that the SAD renewal was not "final." Thus, when Detroit renewed the SAD, it provided a final decision for the Tax Tribunal to review, satisfying the first two elements of MCL 205.731(a).

As to the third element of MCL 205.731(a), the parties are in agreement that Detroit's renewal of the SAD relates to a "special assessment." Finally, as to the fourth element, the special assessment was imposed "under property tax law." In *Wikman*, our Supreme Court explained that the phrase "under property tax law" does not specifically refer to levies imposed under the General Property Tax Act. *Wikman*, 413 Mich at 637. Rather, the phrase broadly refers to levies imposed "under other laws," so long as, essentially, "[t]hey are assessed against real property according to the benefits received." *Id*. at 635-637. Here, according to the complaint, the SAD was levied against the subdivision for localized snow removal, mosquito abatement, and security services. See MCL 117.5i. This imposition satisfies the fourth element that the special assessment be imposed "under property tax law."

Accordingly, all four elements of MCL 205.731(a) are satisfied, and the Tax Tribunal has exclusive jurisdiction over this case.

Plaintiff disagrees with this conclusion and argues that the circuit court has jurisdiction to determine whether Detroit has the enabling authority to combine public and private streets to form the SAD. Plaintiff contends that the issue of enabling authority is a preliminary issue for the circuit court, rather than it being a challenge to the SAD's validity, of which the Tax Tribunal has exclusive jurisdiction. We disagree with plaintiff that the circuit court has jurisdiction because Detroit allegedly lacked the authority to create the SAD—at least as to a SAD applied to property owners abutting public streets. Plaintiff is directly questioning the SAD's validity, a question over which the Tax Tribunal has exclusive jurisdiction. See *Meadowbrook Village Assoc v City of Auburn Hills*, 226 Mich App 594, 596; 574 NW2d 924 (1997). Unlike the situation before us, "[t]he tribunal does not have jurisdiction over constitutional questions and does not possess authority to hold statutes invalid." *Id*.[4] That is, because the allegations in the complaint implicate the factual extent to which the property owners abutting public streets would receive certain additional benefits, such as mosquito abatement or security services, which they would not receive in the absence of the SAD, the Tax Tribunal has exclusive jurisdiction. See *Petersen Fin LLC v City of Kentwood*, 326 Mich App 433, 445-446; 928 NW2d 245 (2018) (explaining that questions

---

[4] We acknowledge that the complaint includes a couple of allegations suggesting that Detroit violated plaintiff's procedural due-process rights by, for example, not addressing telephone calls about the SAD. However, the parties do not address those allegations on appeal and did not in the trial court. Instead, the parties treat the complaint solely as questioning the validity of the SAD to the extent that it applies to property owners abutting both public and private roads. We do the same.

Incidentally, we briefly note that one of the documents introduced by Detroit into the lower-court record is notice of a public hearing regarding the renewal of the SAD, thus suggesting that the affected property owners received procedural due process. See *Spranger v City of Warren*, 308 Mich App 477, 483; 865 NW2d 52 (2014).

-4-

involving "the factual underpinnings of the special assessments" uniquely implicate the Tax Tribunal's jurisdiction and expertise). "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Here, because the gravamen of plaintiff's complaint concerns the validity of the SAD as applied to these particular factual circumstances, the Tax Tribunal has exclusive jurisdiction.

## III. CONCLUSION

The circuit court correctly dismissed this case under MCR 2.116(C)(4) for lack of subject-matter jurisdiction. We affirm.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young